[No. 15432. Department One. January 9, 1920.]

HANNA SANDSTEDT *et al., Appellants,* v. AMERICAN
CENTRAL LIFE INSURANCE COMPANY, *of
Indianapolis, Indiana, Respondent.*[1]

INSURANCE (105-116)—WAIVER AND ESTOPPEL—CONDITIONS—EN-
GAGING IN MILITARY SERVICE—PERMISSION—EVIDENCE—SUFFICIENCY. A clause in a life insurance policy providing that the company would not be liable if death ensued while insured was engaged in the military service of the United States unless the company's permission had been obtained, is not waived by a letter directing the insured or the beneficiary to take up the matter with the local agent, where the local agent merely stated that he would send the policy and letter back to the company and get its consent and made no endorsement on the policy and no attempt to modify it, and death ensued before permission was granted and before insured had agreed to pay extra premium, as required by the company before granting the permission.

[1]Reported in 186 Pac. 1069.

Appeal from a judgment of the superior court for Franklin county, Grimshaw, J., entered December 16, 1918, upon granting a nonsuit, dismissing an action on a life insurance policy.  Affirmed.

*Edward A. Davis,* for appellants.

*E. C. Ward,* for respondent.

MAIN, J.—This action was brought for the purpose of recovering upon a policy of life insurance.  After the issues were framed, the cause proceeded to trial before the court and a jury.  At the conclusion of the plaintiffs' evidence, the defendant interposed a motion for nonsuit, which was sustained, and a judgment entered dismissing the action.  From this judgment, the plaintiffs appeal.

By a policy dated March 26, 1917, the American Central Life Insurance Company, the respondent, issued a policy of life insurance to Clarence E. Sandstedt.  The beneficiary named in the policy was the insured's mother, Hanna Sandstedt, one of the appellants.  The policy contained a provision that, if death of the insured should occur while engaged in the military service in time of war, or in consequence of such service, the company would not be liable under the policy unless its permission to engage in such service had been obtained.  The exact language of the policy is this:

"Death while engaged in military or naval service in time of war or in consequence of such service shall render the company liable for only the reserve under this policy, unless the company's permission to engage in such service shall have been obtained and such extra premium or premiums as the company may require shall have been paid."

The policy also contained a provision that no condition or privilege of the policy could be waived or

modified in any case except by indorsement thereon signed by the president, first vice-president, the actuary, or the secretary, and that no agent had power in behalf of the company to in any manner modify the policy. The language of the policy in this respect is this:

"No condition, provision or privilege of this policy can be waived or modified in any case except by endorsement hereon signed by the president, the first vice-president, the actuary or the secretary. No agent has power in behalf of the company to make or modify this or any other policy, to extend the time for paying the premium, to waive any forfeiture, to grant any permit or to bind the company by making any promise or making or receiving any representation or information."

On August 17, 1917, the insured enlisted in the military service of the United States. During the latter part of December, 1917, a letter from the company was delivered to Mrs. Sandstedt at Pasco, whether addressed to her or to the insured does not appear, saying in effect that, if the insured had entered the military service, it would be necessary to take the letter to the local agent of the company and take up with him the matter of securing the company's consent to the policy continuing in force. Immediately after receiving this letter, Mrs. Sandstedt took it to the local agent at Pasco, who told her that he must also have the policy. Immediately thereafter the policy was delivered to him. The local agent told Mrs. Sandstedt that he would send the policy and the letter back to the company and get its consent, and send the application to the insured to have him sign it. At that time the insured was on his way to France. Subsequently the local agent told Mrs. Sandstedt he had written on the 7th of January following. On the 20th of January, the insured died in France of pneumonia while in the

military service of the United States. The evidence shows that the company was not at that time making any extra premium charge by reason of any of its policy holders being engaged in military service in time of war, but required a policy holder, before a permit was issued to engage in the service, to sign an application agreeing to pay an extra premium charge in the event that excessive mortality in that class should render it necessary. At the time of the death of the insured, no application had been signed by him and no permit to engage in the military service had been indorsed on the policy, as was required in such cases.

The theory of the appellants' case is, if we have gathered it correctly, that the company, by writing the letter which Mrs. Sandstedt received, directing that she take up with the local agent the matter of getting the company's consent for the insured to engage in the military service of the United States, and the agent's acts in pursuance of such direction, constituted a waiver in the nature of an estoppel on the part of the company of the provisions of the policy relating to the insured engaging in military service in time of war and the manner in which such provision could be waived or modified. The local agent made no indorsement upon the policy and made no attempt to modify it. He undertook, in pursuance of the letter which Mrs. Sandstedt received, to call the matter to the attention of the company and to have the application signed by the insured. Before this could be accomplished, the death occurred. There is nothing in the evidence from which it can reasonably be inferred that the agent assumed to then modify the policy or that Mrs. Sandstedt understood that he was so doing. It is not claimed that the provisions of the policy would not be controlling if they had not been modified or waived. The evidence conclusively shows that no modification

or waiver had taken place at the time of the insured's death. It must follow, therefore, that the contract, as stated in the policy, must prevail and there can be no recovery. There was no substantial evidence which would tend to establish a modification or waiver, and the ruling of the trial court in withdrawing the case from the jury was right. Had the local agent, when he received the letter delivered to him by Mrs. Sandstedt, assumed then to modify the policy under the authority of that letter, the contents of which only appear in the record by the testimony of Mrs. Sandstedt, a question would be presented which is not necessarily involved in this appeal, because, as already pointed out, the agent made no such attempt. Since the evidence shows that the agent made no attempt at modification, it is unnecessary here to discuss or decide whether, under the terms of the policy and the insurance code of this state, such power could have been conferred upon him by means of the letter referred to.

The judgment will be affirmed.

PARKER, MACKINTOSH, and MITCHELL, JJ., concur.