11922.  RAILEY, adm'r, *v.* UNITED LIFE AND ACCIDENT
INSURANCE CO.

1. The provisions of a life-insurance policy exempting the insurer from
   liability for death occasioned by the insured engaging in military or
   naval service in time of war unless a written permit shall be issued by
   the company are not void as against public policy; and this is so even
   where the insured is drafted into the service.
   (a) The fact that the insurer knew, at the time the policy was issued,
   that the insured would in all probability engage in military or naval
   service was not sufficient to effect a waiver of the " war clause " referred
   to above.
   (b) Nor was the retention by the company of an unearned portion of the
   first premium, with knowledge of the fact that the insured was engaged
   in the military service of his government in time of war, sufficient to
   constitute such a waiver.
2. The death of the insured, who had been drafted into the military serv-
   ice of the United States, during the recent war with Germany, having
   occurred in the North Channel, between the coasts of Scotland and Ire-
   land, as a result of an accidental collision between a ship (upon which
   he and other soldiers were being transported to Europe) and a sister
   ship under the same convoy, no liability under the policy (except the re-
   serve due thereon) existed, in view of the plain and unambiguous pro-
   visions of the policy, exempting the insurer from all indemnity (except
   the amount of the reserve thereon) in the event the insured lost his
   life while engaged in military service without the confines of conti-
   nental United States.

DECIDED JANUARY 28, 1921.  REHEARING DENIED MARCH 2, 1921.

Action on insurance policy; from city court of Tifton — Judge
Price.   October 11, 1920.

Application for certiorari was denied by the Supreme Court.

*John Henry Poole,* for plaintiff.

*Fulwood & Hargrett,* for defendant.

BROYLES, C. J.   This is a suit by J. H. Railey, as administrator
of the estate of C. S. Railey, against the United Life and Accident
Insurance Company on a policy issued by the defendant in Decem-
ber, 1917, upon the life of the deceased, and payable to the latter's
estate.   The defendant interposed both a general and special
demurrer, and to the judgment sustaining the general demurrer
and dismissing the suit the plaintiff excepted.

The policy sued upon provided for payment of a single indem-
nity under certain conditions; for payment of a double indem-
nity under certain conditions; and for payment of a triple in-
demnity under certain other conditions.   The plaintiff's petition

was drawn in three counts, the first seeking a recovery of the single indemnity; the second seeking a recovery of the double indemnity, and the third asking a recovery of the triple indemnity.

The material and controlling exemption clauses of the policy are as follows: " In event of death resulting from or occasioned by the insured *engaging in military or naval service in time of war* (italics ours), or at any time in aeronautic ascension or aviation or in submarine voyage, whether the insured shall actually be engaged in military or naval service or not, unless a written permit shall be issued by the company, the sum payable under this policy shall be the reserve thereon." Written upon the back of the policy was the notice: " Upon written request by the insured, a war service permit to the amount of the single indemnity will be issued and renewed annually without extra premium, to cover additional risk of war conditions, while the insured is engaged in military service *within the confines of continental United States* during the present war with Germany or any of her present allies; such permit will not, however, cover death occasioned by or resulting from aeronautic ascension, aviation or submarine voyage." (Italics ours.) These provisions did not conflict with any of the other terms of the policy or with the incontestability clause thereof, which provided that " After one year in force this policy will be incontestable except for non-payment of premium and *military or naval service in time of war* [italics ours], and for aeronautic ascension or aviation and submarine voyage."

1. The above provisions limiting liability in event of the death of the insured while engaged in military or naval service, without the written permit of the insurance company, are not void as being against public policy. See 4 Joyce on the Law of Insurance, § 2237; 3 Cooley's Briefs on the Law of Insurance, p. 2217 (h); Reid *v.* American Nat. Assurance Co. (Mo. App.), 218 S. W. 957; La Rue *v.* Insurance Company, 68 Kan. 539 (75 Pac. 494); Miller *v.* Illinois Bankers' Life Asso., 138 Ark. 442 (212 S. W. 310). Attention is also directed in this connection to the recent case of *Maltox* v. *New England Mutual Life Ins. Co.,* 25 *Ga. App.* 311 (103 S. E. 180), where this court recognized the validity of such war clauses.

The fact alleged in the petition, that the company knew at the time the policy was issued that the insured would in all probability

engage in military or naval service, is insufficient to constitute a waiver of the war provisions of the contract, for it reasonably appears that the company and the insured expected the policy to continue in force for a long number of years, and, in view of the probability of military service, agreed to a practical suspension of liability during such service. Neither was the fact that the company retained an unearned portion of the first premium after the insured's entry into the army legally sufficient to constitute a waiver of the war clauses of the policy. If, as held by this court in the *Matlox* case, supra, the company's retention of unpaid premium notes did not operate to waive the war clauses in that case, then surely the mere retention of an unearned portion of the premium in the instant case was insufficient to constitute such a waiver. Moreover, in the *Miller* case, supra, it was expressly held that the acceptance of the premium, *even with full knowledge* that the insured was, at the time of payment, actually engaged in war service, did not work a waiver. See also to the same effect Sandstedt *v.* American Central Life Ins. Co., 109 Wash. 338 (186 Pac. 1069). The fact (as shown by a copy certified by the clerk of the Supreme Court of Arkansas) that the agreed statement of facts in the *Miller* case showed that the insured had entered the military service as a volunteer is immaterial. The same rule would apply where the insured was drafted into the service.

2. It being clear, therefore, that the "war clauses" of the policy are valid, and that they were not waived by the insurer, we will proceed to briefly apply them to the facts as alleged in the petition. It is distinctly alleged that the policy was issued in December, 1917, and that the insured, who was drafted into the army, lost his life by accident on October 6, 1918, when the ship Otranto, which was conveying the insured, together with other soldiers, to Europe, in order that they might be used in the great World War, collided with a sister ship. Obviously, therefore, these facts precluded a recovery of either the single, double, or triple indemnities, the policy expressly, in plain and unequivocal terms, providing that no liability (except for the reserve on the policy) shall exist if the death of the insured occurs while he is engaged in military or naval service in time of war without the written permit of the insurance company, and the petition not showing that such a permit was ever issued. Nor does the petition

show that the insured took advantage of the written notice endorsed on the back of the policy, which provided that, "Upon written request of the insured, a war service permit to the amount of the single indemnity, will be issued and renewed annually, without extra premium, to cover additional risk of war conditions, while the insured is engaged in military service within the confines of continental United States during the present war with Germany or any of her present allies." Moreover, even had the insured exercised this right, there could still be no recovery, as the war service permit was, by express stipulation, to be effective only in the event the insured's death occurred while engaged in military service "within the confines of continental United States;" and while the petition is silent as to exactly where the insured lost his life, it alleges, as above stated, that his death was the result of a collision between the Otranto, a ship upon which he was being conveyed to Europe, and another ship under the same convoy; and this court will take judicial cognizance of the now well-known and historical fact that on October 6, 1918, the Transport Steamer Otranto accidentally collided with her sister ship Kashmir and was sunk in the North Channel, between the Irish and Scottish coasts.

It is true, and so conceded by the defendant, that, under the allegations of the petition, the plaintiff was entitled to recover the sum of $2.26, the reserve alleged to be due on the policy at the date of the death of the insured, and the petition showed a cause of action for that amount. Moreover, it does not appear that this amount was ever tendered to the plaintiff by the defendant. Since, however, the petition was drawn in three counts, seeking a recovery of $1,500, $3,000, and $4,500, respectively, and the reserve admitted to be due was only the nominal sum of $2.26, we think that the defendant should be allowed the privilege of paying this small amount and having the case finally disposed of, and we decline to reverse the judgment dismissing the plaintiff's case, but affirm it with direction that when the remittitur is filed, the defendant pay to the plaintiff the amount of the reserve on the policy, with interest from August 11, 1919—the date when the defendant refused payment of the policy.

*Judgment affirmed, with direction. Luke and Bloodworth, JJ., concur.*