ILLINOIS BANKERS' LIFE ASSOCIATION *v.* DOWDY.

Opinion delivered May 30, 1921.

INSURANCE—SUFFICIENCY OF PAYMENT OF PREMIUM.— Where an insurance company authorized a bank to collect premiums, and insured, having a sufficient deposit in the bank, directed the cashier to pay the premium and to charge the amount thereof to his account before the premium became due, and the cashier agreed to do so, this was a sufficient payment though the amount therof was not charged to insured's account until after expiration of the time of payment.

Appeal from Van Buren Circuit Court; *J. M. Shinn,* Judge; affirmed.

*T. E. Helm* and *Garner Fraser,* for appellant.

1. The bank was the agent of appellant for no purpose except to collect premiums, and had no authority except that delegated in printed and written instructions. The premium for January, 1920, was due and was not paid, and under the terms of the policy it was void.

2. It was error to admit evidence to show that plaintiff had a deposit in the bank for the purpose of paying the premiums as they fell due, and that the bank

had formed the habit of collecting premiums after the period of grace allowed had expired. This testimony was not competent, as it was not within the pleadings and was entirely in reference to a new issue, and further, because it was not shown that defendant association ever had any knowledge that the bank had at any time exceeded the specific instructions delegated to it by collecting any premiums beyond the time allowed under the contract. The evidence distinctly shows that the association never knew that any premium was collected by the bank after the thirty days of grace had expired.

3. Failure to pay the premiums at maturity rendered the policy absolutely null and void without further notice or action. 112 Ark. 178-9; 187 U. S. 335; 93 *Id.* 24; 104 *Id.* 88; 104 *Id.* 252. The policy was never reinstated as provided for and was forfeited. 139 Pa. St. 546. The remedy of plaintiff, if any, is against the bank, as it was no fault of the association that the premium was not paid in time. 68 N. C. 11.

4. The bank was simply a depository bank. It had no authority other than to collect premiums and deliver receipts and could not waive any provisions of the policy and the rules and instructions of appellant association as to payments. 138 Ark. 442; 52 S. E. Rep. 536; 35 *Id.* 342. No affirmative action of the company was necessary to forfeit the policy after the thirty days of grace expired. 198 S. W. 74. The premiums must be paid when due or the policy is void. 112 Ark. 178-9; 3 Cooley's Briefs, pp. 2260-1; 2 Joyce on Ins., §§ 555 and 555a. Notice to the bank to pay the premium by a depositor is not sufficient unless a check is made. 78 Ark. 127. An agent authorized to deliver policies and receive premiums but not to issue policies can not extend the time for payment. 53 Iowa 405; 3 Cooley's Briefs 2484; 54 Ark. 75; 138 *Id.* 442. An agent who is only authorized to collect and transmit premiums can not waive conditions of forfeiture in a policy. 3 Cooley's Briefs 2486; 129 Ark. 159; 24 Ohio St. 67.

5.  The court erred in its instructions, and the peremptory instruction asked by defendant should have been given.  The evidence is uncontradicted that the policy was forfeited.

*M. P. Hatchett,* for appellee.

1.  The Bank of Shirley had authority to receive premiums, and the premium was duly paid and the policy kept in force.  142 Ark. 132; 143 *Id.* 143; 3 A. L. R. 615.

2.  The Bank of Shirley was the agent of the insurance company, and under the proof in this case is estopped by the conduct of its agent; the knowledge of the agent is that of the principal.  142 Ark. 132; 79 *Id.* 375; 111 *Id.* 435; 26 Col. 252; 103 Ark. 171; 142 *Id.* 132; 138 *Id.* 442; 129 *Id.* 159.

SMITH, J.  On the trial from which this appeal comes the court gave, over the objection of appellant, an instruction reading as follows:

"No. 2.  If you find, from a preponderance of the evidence in this case, that the said Tom M. Dowdy, as the agent of his wife, the said Julia A. Dowdy, during the latter days of December, 1919, or the early days of January, 1920, directed the cashier and assistant cashier of the Bank of Shirley, or either of them, to pay the premium due or coming due on said policy, and that said Tom M. Dowdy, from the time of such direction to the expiration for the payment of said premium, had sufficient funds on deposit in said bank to his credit to pay said premium, you will find for the plaintiff."

This instruction, in effect, directed a verdict against the appellant insurance company, as there is no dispute about the facts which the jury was there told would warrant a finding for the plaintiff.

The court refused to give instructions asked by appellant which were the converse of the instruction set out above.  These instructions declared the law to be that the insured had no right to rely on the promise of the officers of the bank to pay the premium, and that the payment of the premium was not made until the insur-

ance company had received credit therefor on the books of the bank, and that such payment must have been made and credit given within thirty days of the due date of the premium.

Mrs. Dowdy was the insured, and her husband, Tom M. Dowdy, was the beneficiary. It was his custom to pay the premiums, and the payments were ordinarily made by him in the manner in which he had directed the payment in dispute to be made.

The premiums on the policies were ordinarily payable quarterly, although policy holders had the option of paying the premium semi-annually or annually in advance, the due dates being January 1, April 1, July 1, and October 1, of each year. The insurance company mailed out in advance to the policy holders notices of the time within which their premiums would be due and the place where they would be payable, and there were a number of policy holders in appellant company residing in Shirley, Van Buren County, Arkansas.

It was the custom of the company to send to the Bank of Shirley a list of its policy holders residing there with a statement of the premium due by each and signed receipts for premiums to be delivered when payments were made; and for this service the insurance company paid the bank a collection charge of one per cent. The names of the policy holders were written on a printed form, which contained the following direction to the bank: "Please report as soon as all are paid and in any case not later than the maturity of said collections. Remit to cover all collections and return all unpaid notes and receipts."

Mrs. Dowdy died March 11, 1920, and payment of the policy on her life, which was for a thousand dollars, was refused for the alleged reason that the premium due thereon January 1, 1920, was not paid at that time nor within the thirty days of grace thereafter allowed for payment. The policy in question provided that failure to pay premiums at maturity "shall render the policy

absolutely null and void, and the same shall be forfeited without further notice or action of the directors of the association, unless reinstated as herein provided.'' The bank had no authority to collect premiums after the thirty days of grace had expired.

It was shown that a few days before January 1, 1920, Mr. Dowdy inquired of the cashier of the bank whether the insurance list had been received, and was told that it had not been received. Dowdy thereupon directed the cashier of the bank to pay the premium when the list was received from the company and to charge the amount thereof to his account, and the cashier agreed to do so. Dowdy was a customer of the bank, and carried a deposit there sufficient to have covered the premium. He supposed his request had been complied with, and that the premium had been paid in accordance with his request and his usual method of paying premiums.

The cashier of the bank made up his report on February 7, and mailed it to the company with draft to cover the premiums collected; and the list of such premiums included the January premium on the Dowdy policy. It was the custom of the cashier to make up and forward this report after the expiration of the thirty days of grace. The premium due on the Dowdy policy was $3.17, but the charge ticket made therefor by the cashier of the bank against Mr. Dowdy was not actually entered against his account on the books of the bank until February 12, 1920. The transmittal letter of February 7 miscarried in the mails, and after an exchange of letters and telegrams in regard to it a duplicate list and draft went forward to the company, which was not received by the company, however, until after the date of Mrs. Dowdy's death.

Under the facts thus stated the court did not err in giving the instruction as set out above. This case is ruled by the cases of *Sovereign Camp W. O. W.* v. *Newsom,* 142 Ark. 132; *N. Y. Life Ins. Co.* v. *Allen,* 143 Ark. 143; *Security Life Ins. Co.* v. *Bates,* 144 Ark. 345.

In the case of *New York Life Ins. Co.* v. *Allen, supra,* the authority of an agent to collect and the fact of collection of a premium note were in dispute. The payment of the premium was there claimed to have been made in a manner substantially identical with the method of payment employed here by Dowdy. In that case the court said: "Allen (the insured) had already told the cashier to pay the note and charge his account with the amount. He had money to his personal credit in the bank more than sufficient to discharge his indebtedness to the insurance company. This direction to cashier was sufficient, we think, to show a payment to the cashier if he had authority to receive it."

The doctrine thus announced was reaffirmed in the case of *Security Life Ins. Co.* v. *Bates, supra.*

No error appearing, the judgment is affirmed.