Sovereign Camp Woodmen of the World *v.* Peaugh.

## Opinion delivered October 17, 1921.

1. INSURANCE—WAR RISK—ADDITIONAL PREMIUM.—A provision in a contract of life insurance requiring the insured, in the event he entered the United States Army or Navy, to notify an agent of the insurer at its home office and to pay to such agent a certain sum in addition to the regular premium, in order to keep the policy alive for the full amount specified, is a valid and binding provision.

2. INSURANCE—PAYMENT OF ADDITIONAL WAR PREMIUM—ESTOPPEL.— Where a policy of life insurance required that if insured entered the army he should notify insurer's general agent at its home office and pay to such agent an additional sum, in order to keep the policy alive, the insurer is not estopped to avail itself of the defense that such requirement was not observed by reason of the fact that insured left sufficient money in bank to pay the additional sum and instructed the cashier thereof to pay his dues, and that the local agent of the insurer did not notify the cashier to pay such sum; the local agent not having authority to give such notice or to receive such payment.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; affirmed with modification.

*T. E. Helm,* for appellant.

The insured failed to notify the sovereign clerk of the fact of his having entered the army, and also failed to pay the additional premium as required by the terms of his contract. The insured was charged with such notice, and the local clerk could not waive any of the conditions of the contract. 188 S. W. 941; 58 So. 100; L. R. A. 1915 E 152; 4 L. R. A. (N. S.) 421; 183 U. S. 308, note; 180 Pac. 2; 40 S. W. 553; 174 Mo. App. 250; 186 Cal. 204; 69 N. E. 718; 141 S. W. 1055; 84 Conn. 356; 151 Mo. 552; 153 Wis. 225; 93 Kan. 485; 87 Minn. 417; 188 S. W. 941; 60 Col. 585; 42 Okla. 25; 181 N. W. 819; 230 S. W. 540.

The appellant has power to make by-laws fixing and regulating its own duties and that of its members. 71 Ala. 436; C. & M. Dig. § § 6071, 6086, 6095. All parties are bound by the terms of the contract (71 Ark. 295), and relief can only be granted according to its terms (52 Ark. 201; 112 Ark. 171). It is not against public policy for

an insurance company to exempt itself from death of insured while in military or naval service. 138 Ark. 442. This is true whether such service is voluntary or result of draft. 106 S. E. 32; 107 S. E. 177.

*F. G. Taylor,* for appellee.

Appellant is estopped by the acts and conduct of its local clerk. 79 Ark. 315; 142 Ark. 132; 144 Ark. 345. The fact that deceased had entered the army was communicated to appellant's clerk, who promised his mother to look after the matter of his assessments. The knowledge of the local clerk was the knowledge of the company. *Sovereign Camp W. O. W.* v. *Key,* 148 Ark. 562; *Illinois Bankers' Life Assn.* v. *Dowdy,* 149 Ark. 72. This has been the rule in this State since the decision in 52 Ark. at p. 11. Since the appellant failed to introduce the local clerk as a witness, it is presumed his testimony would be against the company. 32 Ark. 337.

WOOD, J. The appellee instituted this action against the appellant on a benefit certificate issued by the appellant on February 23, 1918, to the son of the appellee. The appellee was named as the beneficiary in the certificate, and in her complaint set up the certificate, and alleged that she had complied with all of the terms of the contract and was entitled to recover thereon the sum of $500. The appellant admitted that it had issued the certificate, but denied that the appellee was entitled to recover the sum of $500. It admitted that, under the contract, it was due the appellee the sum of $17.76, and offered to confess judgment for that amount. The essential facts are substantially as follows:

The appellant is a fraternal benefit society doing business in this State. Its constitution and by-laws are expressly made a part of the contract of insurance. The contract contained the following provision:

"In the event the holder of this certificate shall die while serving in any branch of the United States army or navy, either as an officer or enlisted man, outside of the boundaries of the United States of America,

then the amount due under this certificate shall be such proportion of the amount thereof as the period he has lived since becoming a member bears to his expectancy of life at the time of becoming such member, determined by the National Fraternal Congress Table of Mortality; provided that, should the holder of this certificate so desire, he may, within thirty days after entering the service in any branch of the United States army or navy as an officer or enlisted man, notify the sovereign clerk at the home office of the society, Omaha, Nebraska, United States of America, that he has entered such service of the United States of America and pay in advance to the sovereign clerk, for the society, the sum of $37.50 per one thousand dollars insurance per annum in addition to the regular assessment prescribed by section 56 of the constitution and laws of the Sovereign Camp of the Woodmen of the World; and upon so doing at the death of the member, or as soon thereafter as possible, the amount prescribed in this certificate shall be paid to his beneficiary or beneficiaries.''

Peaugh enlisted as a private in the United States army on April 13, 1918, and on October 26, 1918, he was killed while engaged in a battle in France. The insured did not pay the additional $37.50 to the sovereign clerk, and did not notify the sovereign clerk that he had enlisted in the United States army. Before leaving for France, Peaugh arranged with the cashier of the Bank of Success to pay all of his assessments as they were presented. He had on deposit with the bank more than $100. The cashier paid the dues for several months as they were presented by the clerk of the local camp, and would have paid the additional sum of $37.50 if it had been called to his notice that it was necessary to do so in order to keep Peaugh's policy alive. Appellee went to see the clerk of the local camp concerning the payment of her son's dues. The clerk told her that he was looking after the payment of the dues. He knew that her son had gone to the army.

The court, in effect, instructed the jury that if the insured had made arrangements with the cashier of the bank where he had sufficient money on deposit for the payment of his dues to pay these dues and had arranged with the clerk of the local camp to collect the dues from the bank, and the clerk of the local camp told the appellee that he was looking after the collection of the dues and premiums on the policy in her favor, and failed or neglected to collect the $37.50 additional insurance, and they further found that it was his duty to collect the same and report the same to the sovereign clerk, the appellant would be estopped from saying that the required notice was not given and the additional premium was not paid. The appellant asked the court to instruct the jury to find for the appellee in the sum of $17.76, and to instruct the jury that upon the uncontroverted facts they could not return a verdict for the appellant in a greater sum.

The provision in the contract requiring the insured, in the event he entered the United States army or navy, to notify the sovereign clerk at Omaha, Nebraska, of such fact and to pay the sovereign clerk the sum of $37.50 in addition to the regular sum in order to keep the policy alive for the full amount of $500 specified therein, was a valid provision and mutually binding upon the parties to the contract. *Miller* v. *Illinois Bankers' Life Association,* 138 Ark. 442; *Security Life Insurance Co. of America* v. *Bates,* 144 Ark. 345. See also *Sovereign Camp W. O. W.* v. *Ricks,* 106 S. E. 185; *Nowlan* v. *Guardian Life Insurance Co.,* 107 S. E. 177; *Marks* v. *Supreme Tribe of Ben Hur,* 230 S. W.540; *Huntington* v. *Fraternal Reserve Association of Oshkosh,* 181 N. W. 819; *McQueen* v. *Sovereign Camp W. O. W.,* 106 S. E. 32. The contract expressly required of the insured, in the event that he entered the service of the United States army or navy, to notify the sovereign clerk at the home

office of the Society at Omaha, Nebraska, of that fact and to pay ''in advance to the sovereign clerk for the society the sum of $37.50.'' The undisputed testimony shows that this was not done.

The facts in this case clearly differentiate it from the cases of *Sovereign Camp W. O. W.* v. *Newsom,* 142 Ark. 132; *Security Life Insurance Co. of America* v. *Bates supra; Sovereign Camp W. O. W.* v. *Key,* 148 Ark. 562; and *Illinois Bankers' Life Association* v. *Dowdy,* 149 Ark. 72. The appellant is not estopped by its conduct from availing itself of the defense that the requirements of the ''war clause'' of the contract were not observed in the matter of giving the notice and paying the additional sum of $37.50. The local camp clerk was not a general agent, and there is no testimony to show that he was authorized to act for the sovereign clerk in giving the notice and receiving the payment required by the above express provision of the contract. The court therefore erred in submitting this issue to the jury and in not instructing the jury as requested by the appellant. Since the above provision of the contract was not complied with on the part of the insured, the appellee under the undisputed evidence is only entitled to recover the sum of $17.76, for which the appellee offered to confess judgment.

The judgment of the court will be modified by reducing same to the sum of $17.76, and as thus modified it is affirmed.