SOVEREIGN CAMP, W. O. W., v. JACKSON et al. (No. 6654.)

(Court of Civil Appeals of Texas. Austin. April 16, 1924. Rehearing Denied June 4, 1924.)

1. Insurance ⬤═791(1)—Condition attached to fraternal certificate as to military service held binding on insured and beneficiary.

A condition attached to a certificate in a fraternal benefit association reducing the amount of the death benefit in the event insured died beyond boundaries of the United States, while in military service of the United States, unless he notified sovereign clerk and paid him an additional premium to keep policy in force for the full amount, *held* valid and binding on insured and beneficiary.

2. Appeal and error ⬤═931(1)—Court of Civil Appeals must uphold judgment if it has support in testimony, upon any legal theory, in absence of findings and conclusions of trial judge.

Where the record does not contain the findings and conclusions of trial judge, it is the duty of Court of Civil Appeals to uphold judgment, if it has support in the testimony, upon any reasonable and legal theory.

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
264 S.W.—19

**3. Insurance ⟨key⟩755(2)—Local officials of subordinate insurance lodge not authorized to bind lodge by acts beyond scope of their authority.**

Since Vernon's Sayles' Ann. Civ. St. 1914, art. 4847, expressly authorizes fraternal insurance orders to enact by-laws providing that subordinate bodies or officers, such as local camp officials, shall have no authority to waive any condition in certificates, when such a by-law is enacted, such local officials of subordinate insurance lodges are special agents with limited powers, and have no authority to bind the head camp or authorities by agreements, representations, or acts of estoppel outside the scope of their limited agency.

**4. Insurance ⟨key⟩817(2)—Beneficiary has burden of proving waiver of condition in benefit certificate.**

The burden of proof is upon beneficiary to prove a waiver of a condition in benefit certificate in a fraternal association.

**5. Insurance ⟨key⟩818(1) — Evidence witness would have paid additional insurance if he had known of that requirement held inadmissible.**

Where member died in military service, and benefit society resisted payment of full amount of certificate because of nonpayment of additional dues, which, in case of military service, were required, testimony of beneficiary's husband, that he was ready and willing to pay any additional dues had he known of same was inadmissible, because immaterial.

**6. Appeal and error ⟨key⟩747(2)—Admissibility of testimony complained of by appellee need not be considered in absence of cross-assignment of error.**

Where there was no cross-assignment of error as to the admission of evidence complained of in appellee's bill of exceptions, the Court of Civil Appeals need not consider question of admissibility.

**7. Courts ⟨key⟩90(1)—Court of Civil Appeals held bound by its former decision.**

A Court of Civil Appeals is bound by a decision of another Court of Civil Appeals, and especially by its own decision.

**8. Insurance ⟨key⟩791(1)—Monument benefit not reduced by clause as to death in military service.**

Benefit certificate provision reducing amount of benefit in case of death in military service and failure to pay additional dues *held* not to reduce amount of monument benefit.

Appeal from Williamson County Court; A. S. Fisher, Special Judge.

Action by Ellen Jackson and husband against the Sovereign Camp, Woodmen of the World. Judgment for plaintiffs, and defendant appeals. Reformed on condition of remittitur.

De E. Bradshaw, of Omaha, Neb., and White, Wilcox, Graves & Taylor, of Austin, for appellant.

Wilcox & Graves, of Georgetown, for appellees.

COFER, Special Chief Justice. [1] This action was brought by appellee, Ellen Jackson, joined pro forma by her husband, against appellant, to recover upon a benefit certificate issued by it to Manton M. Parsons, brother of said appellee, she being named as beneficiary therein. The contract provided that, if insured died within one year from its date, appellant would pay $500 to the beneficiary; if within two years, $750; and if afterward, $1,000, and further that appellant would contribute $100 to a monument to be erected over the grave of insured, provided the said certificate was in force at the time of his death and he was in good standing. Attached to the said certificate were a number of conditions, made a part thereof, and to all intents as binding as the certificate itself. The condition material upon this appeal reads as follows:

"Fifth. In the event the holder of this certificate shall die while serving in any branch of the United States Army or Navy, either as an officer or enlisted man, outside the boundaries of the United States of America, then the amount due under this certificate shall be such proportion of the amount thereof as the period he has lived since becoming a member bears to his expectancy of life at the time of becoming such member, determined by the National Fraternal Congress Table of Mortality.

"Provided that, should the holder of this certificate so desire, he may within thirty (30) days after entering the service in any branch of the United States Army or Navy, as an officer or enlisted man, notify the sovereign clerk at the home office of the society, Omaha, Nebraska, United States of America, that he has entered such service of the United States of America and pay in advance to the sovereign clerk, for the society, the sum of $37.50 (thirty-seven and 50/100 dollars) per $1,000 insurance per annum in addition to the regular assessment prescribed by section 56 of the constitution and laws of the Sovereign camp of the Woodmen of the World; and upon so doing at the death of the member or as soon thereafter as possible, the amount prescribed in this certificate shall be paid to his beneficiary or beneficiaries.

"Provided, further, that should any member of this society who has entered the service of the United States Army or Navy, either as an officer or enlisted man, pay the additional war risk of $37.50 per $1,000 per annum and die in the United States, without having served outside the boundaries of the United States of America, the total amount paid by him as war assessments shall be refunded to his beneficiary or beneficiaries."

The insured was a young man within the age of enlistment, and when our nation joined the allies and declared war upon Germany in 1918 he responded promptly to this sublime call of duty, joined the army as an enlisted man; and within one year from the date of the benefit certificate died upon the friendly shores of Scotland, outside the boundaries of the United States. Neither

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the soldier nor any one for him had paid the additional $37.50 mentioned in the foregoing proviso, or any part thereof. It would seem that he only owed $18.75 additional war risk premium, since his insurance for the first year was only $500. Nevertheless this was not paid, and we are constrained to hold, much against what we would like to do, the condition, harsh though it be, binding upon insured and his beneficiary.

We do not doubt that the young soldier died in the confident belief that his sister was secured in the sum of $500 by this certificate. Doubtless he failed to read his policy, and was unaware of this condition. It belongs to that class of conditions and provisions in insurance policies called lurking conditions and provisions by some of the courts. However, it was plainly written in the conditions annexed to his certificate, which he accepted in writing duly signed. Immediately upon proof of death, appellant claimed the benefit of the condition, figured out the proportional amount due thereunder to be $25.63, and tendered same to plaintiff, thus "keeping the word of promise to the ear whilst breaking it to the hope." Of this tender the sum of $21.26 is the proportion for the $500 benefit. Under the law that is the limit of liability, unless appellant has waived the condition, as appellees contend.

We know of no case in Texas, and have been cited to none, where this condition has been passed upon by the appellate courts. In several of the sister states this identical W. O. W. war risk condition and similar ones in policies of other companies have been before the courts. Uniformly the condition has been upheld and enforced. It has been held not to violate any rule of public policy. It has been held to apply to both drafted soldiers and volunteers. The condition has been unsuccessfully attacked from several angles. Sovereign Camp, Woodmen of the World v. Griffin, 30 Ga. App. 217, 117 S. E. 261; Sovereign Camp, Woodmen of the World v. Peaugh, 150 Ark. 176, 234 S. W. 161; Sovereign Camp, Woodmen of the World v. Ricks, 26 Ga. App. 374, 106 S. E. 185; Railey v. United Life & Accident Co., 26 Ga. App. 269, 106 S. E. 203; McQueen v. Sovereign Camp, Woodmen of the World, 115 S. C. 411, 106 S. E. 32; Millie Jones v. Sovereign Camp, Woodmen of the World (Louisiana Appeals); Carlton v. Sovereign Camp, Woodmen of the World (Ohio Appeals).

We hold with these authorities that the condition was legal and one which the parties had a right to make, and, having embodied it in their written contract, it is binding and enforceable.

[2, 3] Nor do we believe that the record discloses that the condition has been waived. The record does not contain the findings and conclusions of the learned trial judge, and we are unable to discover the theory upon which judgment was rendered for plaintiff.

It would be our duty to uphold the decision if it has support in the testimony upon any reasonable and legal theory. Walker v. Cole, 89 Tex. 323, 34 S. W. 713; Id. (Tex. Civ. App.) 27 S. W. 882; Daniel v. De Ortiz (Tex. Civ. App.) 140 S. W. 486.

It is contended that the condition and payment of the extra war risk assessment of $37.50 were waived by the officers of the local camp. Considerable evidence appears in the statement of facts showing that appellee and her husband before the death of insured made application to the regular local camp officers of appellant's lodge to ascertain whether the benefit certificate was in good standing, and were assured that it was, and that all dues of every character had been paid. The difficulty here is that the constitution and by-laws of appellant, to which insured had subscribed and agreed when he became a member, expressly provide that the local camp officials shall not have authority to waive any condition in the benefit certificates of members. The statute expressly authorizes fraternal insurance orders to enact such by-laws. Vernon's Sayles' Ann. Civ. St. 1914, art. 4847. It is well settled that local officials of subordinate insurance lodges are special agents with limited powers, and have no authority as such to bind the head camp or authorities of such lodge by agreements, representations, or acts of estoppel outside the scope of their limited agency. Sov. Camp, W. O. W. v. Wernette (Tex. Civ. App.) 216 S. W. 669; Sov. Camp, W. O. W. v. Putman (Tex. Civ. App.) 206 S. W. 970; Miller v. Illinois Bankers' Life Ass'n, 138 Ark. 442, 212 S. W. 310, 7 A. L. R. 378; Grayson v. Grand Temple (Tex. Civ. App.) 171 S. W. 489; United Moderns v. Pike (Tex Civ. App.) 76 S. W. 774; Supreme Lodge Knights of Honor v. Keener, 6 Tex. Civ. App. 267, 25 S. W. 1084; Modern Woodmen of Amr. v. Tevis, 117 Fed. 369, 54 C. C. A. 293.

[4] Again it is contended that the head camp officials of the lodge at Omaha, Neb., have waived the war risk condition. We have read the statement of facts carefully to ascertain if this contention has sufficient support in the testimony. The evidence is very vague and mainly of a negative character, showing that the membership generally were unaware of the existence of this war risk condition in the recent certificates and the amendments to the by-laws of the order. It is shown that in a considerable range of the membership not one instance was known of any enlisted soldier paying the extrahazardous assessment of $37.50. The burden of proof is upon appellees to prove a waiver, Sovereign Camp, W. O. W. v. Cooper (Tex. Civ. App.) 208 S. W. 550; Commercial Assurance Co. v. Dunbar, 7 Tex. Civ. App. 418, 26 S. W. 628. The evidence is insufficient to sustain the issue of waiver. The testimony indicates that it is possible the general head officers of the lodge may have failed general-

ly to enforce this condition against soldiers. It appears to have been unknown to a large body of the membership and unpopular with some of the general officers. In view of this we will so shape our judgment that appellees may, if they desire, avail themselves of a remand and of the opportunity of sustaining the issue of waiver by positive testimony. Or, in the alternative, appellees may allow our judgment to become final by entering the remittitur indicated.

As there may be another trial, we indicate our views on the admissibility of certain testimony. We are of the opinion that the evidence complained of in the eighth, ninth, and tenth assignments of error is hearsay and inadmissible, unless connected up with some competent and sufficient proof of authority conferred on the local clerk, J. T. Gude, to act for the main head camp with reference to the war risk condition and assessment.

[5] We sustain the eleventh assignment of error, and hold that the evidence of J. W. Jackson that he was ready and willing to pay any additional dues had he known of same is inadmissible, because such evidence is wholly immaterial.

We overrule the thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments of error. The evidence therein complained of is admissible as bearing on the issue of waiver. We have indicated that we do not consider such character of evidence alone to be sufficient, but appellees may be able to produce further testimony which may add to the probative force of such evidence.

[6] The lower court excluded the statements of W. A. Fraser as complained of in plaintiff's bill of exceptions No. 1. There is no cross-assignment of error, at least it is not to be found in appellees' brief, and we are therefore not called upon to pass upon the admissibility of this testimony. But it occurs to us that upon another trial appellees should have the benefit of such testimony for what it is worth. The objections to his evidence go to the weight rather than to the competency of the evidence.

[7, 8] Appellant assigns error to the portion of the judgment allowing recovery of the $100 under the monument feature of the certificate. The certificate being in good standing at the time of the death of the soldier, even though for the modicum tendered, appellant's responsibility for this $100 contribution arose. It declined and neglected to exercise supervision over the erection of the monument, and contends that it is responsible only for the pitiful proportion of such sum allowed in the war risk condition. It taxes one's credulity to believe that the soldier ever considered that his beneficiary would ever be called upon to accept $21.36 in settlement of the $500 benefit provision of his certificate, and we would not so hold did not the plain language of the war risk condition limit recovery to a small

proportion by designating the method of calculation according to the National Fraternal Congress Table of Mortality. It would be ridiculous to apply this war risk proportional division to the monument benefit. It would amount to $4.27, the amount included in such tender. Since the war risk condition does not expressly refer to and apply to the monument feature, we construe the certificate most strongly against the insurer and hold appellant liable for the entire sum. The contract does not state to whom such $100.00 is payable in the event, as in this instance, the lodge repudiates its liability and fails to supervise the construction of the monument. But it must be payable to some one. The Supreme Court of Oklahoma has held the beneficiary cannot recover this $100 monument benefit. Sovereign Camp, Woodmen of the World v. Jackson, 57 Okl. 318, 157 Pac. 92, L. R. A. 1916F, 166. The court criticises the case of Woodmen of the World v. Locklin, 28 Tex. Civ. App. 488, 67 S. W. 331, holding the contrary, calling attention that in the Texas case recovery was permitted without the point being raised or discussed. However, in a later case this court upon fair, if not entirely satisfactory, reasoning, held the beneficiary entitled to recover this benefit. Woodmen of the World v. Torrence (Tex. Civ. App.) 103 S. W. 652. We are bound by these decisions, especially the latter by this court. After this decision was rendered, appellant continued to write its contracts in Texas with substantially this same provision in them as we find in the instant case, except now the lodge retains supervision over the erection of the monument. But, this supervision being waived, the provision remains substantially the same as at the time the case cited was decided. Therefore the parties must be presumed to have included the construction of this court in W. O. W. v. Torrence, supra, as part of their contract. For this additional reason we uphold this part of the judgment below.

From the record we are able to calculate that the proportional amount due appellees under the war risk condition is $21.36. Appellant tendered $25.63, being the proportional calculation on both the $500 benefit and the $100 monument features of the certificate. We ascertain that upon $500 this calculation is $21.36 and upon $100 is $4.27. We eliminate this latter, and, there being no question as to the correctness of the figures, we accept $21.36 as correctly stating the sum due under the war risk condition upon the $500 benefit portion of the certificate. This amount appellees are entitled to recover in addition to the $100 monument benefit, making $121.36 in all.

If then appellees will within 20 days from this date enter a remittitur of $478.64, thereby reducing the judgment to $121.36, to bear interest at 6 per cent. from the 27th day of July, A. D. 1922, the judgment of the lower

court will be so reformed, and as thus reformed affirmed. Otherwise the judgment of the lower court will be reversed and remanded for a new trial consistent with this opinion.

Reformed and affirmed, if remittitur be entered, otherwise reversed and remanded.

McCLENDON, C. J., and BLAIR, J., disqualified, did not sit.

R. E. COFER, of Austin, Tex., was appointed Special Chief Justice, and GEO. E. SHELLEY, of Austin, Special Associate Justice, who sat with Associate Justice BAUGH in the case.