## Rozdzielski v. Home Life Insurance Co.

O. *Woltersdorf*, for plaintiff.

K. H. *Shoyer*, for defendant.

WINNET, J., July 17, 1946.—This is a suit by a beneficiary under a policy of insurance issued by defendant, upon the life of her son, to recover the sum of $1,000. The policy was issued on April 6, 1942. The statement of claim avers that insured died on December 8, 1944, having been killed in action. The policy attached to the statement contains a war clause reading as follows:

"MILITARY OR NAVAL SERVICE:—If the insured shall engage in any Military or Naval Service in time of war without the consent in writing of an Executive Officer of the Company, the liability of the Company in event of the death of the Insured while so engaged, or within one year thereafter, shall be limited to return of the premiums paid hereon at the time of death less any indebtedness to the Company.

"The consent of an Executive Officer of the Company shall be given only upon written application of the Insured and payment of the extra premium that may be required by the Company, and payment in like manner annually thereafter, or within thirty-one days, while the Insured shall continue to be so engaged, of such extra premium that may be required by the Company."

The statement of claim does not allege consent of an executive officer of the company to engage in mili-

tary or naval service. Defendant has filed an affidavit of defense in lieu of a demurrer contending that under the terms of the policy plaintiff cannot recover.

The statement of claim does not expressly state that insured was in the military or naval service at the time of his death. This fact, however, is the only fair inference that can be drawn from the pleadings. The explanation "killed in action" has but one common connotation, that a soldier or sailor died on the field of battle while in contact with the enemy. The word "action" is a synonym for "battle." All standard dictionaries so state. Funk & Wagnalls' Standard Dictionary, under the word "battle" gives the various uses of the word "battle" and its synonyms, saying: "An *action* is brief and partial; a *battle* may last for days."

The only question is as to the validity of the so-called war clause in an insurance policy. There seem to be no appellate cases in Pennsylvania. War clauses have been universally sustained in other jurisdictions.[1] The

---

[1] Arkansas—Miller v. Illinois Bankers' Life Assn. (1919), 138 Ark. 442, 212 S. W. 310, 7 A. L. R. 378; Sovereig Camp W. O. W. v. Peaugh (1921), 150 Ark. 176, 234 S. W. 161; Watkins v. Louisiana State Life Ins. Co. (1922), 151 Ark. 596, 237 S. W. 89.

Georgia—Railey v. United Life & Accident Ins. Co. (1921), 26 Ga. App. 269, 106 S. E. 203.

Iowa—Swanson, Admr., v. Provident Ins. Co. et al. (1922), 194 Iowa 7, 188 N. W. 677.

Kansas—Bradshaw, Admr., v. Farmers' & Bankers' Life Ins. Co. (1920), 107 Kan. 681, 193 Pac. 332, 11 A. L. R. 1091; Lofstead v. Bank Savings Life Ins. Co. (1925), 118 Kan. 95, 234 Pac. 50.

Michigan—Ruddock v. Detroit Life Ins. Co. (1920), 209 Mich. 638, 177 N. W. 242.

Missouri—Reid v. American Nat. Assur. Co. (1920), 204 Mo. App. 643, 218 S. W. 957; Long v. St. Joseph Life Ins. Co. (1920), Mo. App., 225 S. W. 106 (affirmed in (1923; Mo.) 248 S. W. 923).

North Dakota—Olson v. Grand Lodge, A. O. U. W. (1921), 48 N. D. 285, 184 N. W. 7, 15 A. L. R. 1270.

Texas—Sovereign Camp W. O. W. v. Jackson et al. (1924; Tex. Civ. App.), 264 S. W. 289.

England—Duckworth v. Scottish Widows' Fund Life Assurance Society (1917), 33 Times L. Rep. 430.

right of an insurance company to select particular risks is fundamental. The premium rates charged are calculated on the actuarial experiences with the risks assumed. We cannot hold a limitation of a risk invalid without affecting the contract of insurance, the rates and reserves of the company.

The only remaining question is whether by accepting premiums the insurance company waived the exemption from liability from death while in such service. Even if we assume that the company had knowledge that insured was in the service, it could not constitute a waiver. We do not have a case of acceptance of dues with knowledge of violation of the contract. Insured, by performing military service, was not violating any of the terms of the policy. He was doing a thing permitted by the policy but for which the insurance company assumed no liability. The insurance company had the right to exempt itself from liability from the hazards of military service. Insured had the privilege of paying the premiums and continuing the policy in force. The policy of insurance contained valuable non-forefeiture provisions based on the accumulated reserves which in turn are based on the aggregate of the premiums paid. The duration of the service was limited. By preserving the insurance insured protected himself against some disability in the future which might make him uninsurable. In any event the policy of insurance provided the method by which insured could, by obtaining the consent of an executive officer of the company, and upon paying an extra premium, be covered against the hazards of death while in military or naval service.

The statement of claim contains no cause of action. Defendant has offered to return the premiums, which has been refused. The affidavit of defense in lieu of a demurrer is sustained and judgment is entered for defendant.