## Selenack, Admr., v. Prudential Ins. Co. of America

*Croskey & Edwards*, for plaintiff.

*K. H. Shoyer*, for defendant.

WINNET, J., August 5, 1946.—This is an action in assumpsit based upon two life insurance policies issued by defendant to Joseph S. Selenack, now deceased. The administrator of the estate is plaintiff in this action and the claim is for the total sum of $1,091.50 as an accidental death benefit by reason of the death of the insured resulting from bodily injuries sustained solely through external violence and accidental means. The defense is in the exceptions in the policies exempting the company from liability on accidental death resulting from military service in time of war. The insured was at the time of his death in the military service and was accidentally killed near Fort Knox, Kentucky, on

May 31, 1943, when a tank in which he was riding slipped off the road and overturned in a ditch.

At the trial of the case the parties agreed as to the facts. One witness to the accident, a Sergeant Irving Kravinsky, was heard. He was in the same "outfit" with the insured and stated they had been out on maneuvers and were returning from the artillery ranges some 35 miles away from the post. There were about 10 tanks in the column. The tank in which Corporal Selenack, the insured, was riding, an M-4 armored tank, went over the embankment and killed him. The insured was not the driver of the tank but was in command up in the turret at the time of the accident.

The trial judge directed a verdict for defendant on the ground that the accidental death came under the exceptions of the policies which provided for no accidental death benefits if the death resulted from military service in time of war.

Plaintiff has filed motions for new trial and judgment n. o. v. There is no basis for a new trial. The facts are admitted by the parties and if the trial judge is in error then judgment n. o. v. should be entered.

The exceptions in the policies which are involved are: "Exceptions . . . (2) No Accidental Death Benefit will be paid if the death of the insured resulted . . . from military or naval service in time of war." That the accident occurred in time of war is, of course, admitted. It is also admitted that the insured was in military service.[1] There remains, therefore, only one

[1] In Ruddock v. Detroit Life Ins. Co., 209 Mich. 638, the court said (p. 651): ". . . one has entered 'military service' when he has passed the examination, taken the oath, been enrolled as a soldier, and becomes subject to the orders of the military branch of the Government. This, we think, is clearly the common understanding of that term. He then gives up for the time being the occupation of a civilian, and takes up the tasks of a soldier. He may no longer come and go as he pleases. He is constantly subject to the orders of his superiors. If he violates the articles of war he is tried by courtmartial, a military court. His status is then fixed. He is as clearly in the military service when in training as when before the enemy,"

question: Did the accident result from military service? In our opinion there is neither ambiguity in the exclusion clause nor in the activity of the insured. Our answer is that he died from injuries sustained in an accident resulting from military service.

Counsel for plaintiff argues that the exceptions in the policies are ambiguous and would, therefore, have us read the exclusions as applying only to accidents which occur in *active* military service against the enemy. To do so would violate the principle of Urian v. Scranton Life Ins. Co., 310 Pa. 144, 151, which states:

"Where 'language is clear and unambiguous [it] cannot be construed to mean otherwise than what it says': . . ."

War clauses in insurance policies have been universally sustained.[2] The right of an insurance company to select particular risks is fundamental. Premium rates are calculated on the actuarial experiences with the risks assumed. It is not uncommon in policies

---

[2] There seem to be no Pennsylvania appellate authorities. Kleninger v. The Home Life Ins. Co. of America, 3 D. & C. 111; Arkansas—Miller v. Illinois Bankers' Life Assn. (1919), 138 Ark. 442, 212 S. W. 310, 7 A. L. R. 378; Sovereign Camp W. O. W. v. Peaugh (1921), 150 Ark. 176, 234 S.W. 161; Watkins v. Louisiana State L. Ins. Co. (1922), 151 Ark. 596; 237 S. W. 89; Georgia—Railey v. United Life & Acc. Ins. Co. (1921), 26 Ga. App. 269, 106 S. E. 203; Iowa—Swanson v. Provident Ins. Co. (1922), 194 Iowa 7, 188 N. W. 677; Kansas—Bradshaw v. Farmers & Bankers L. Ins. Co. (1920), 107 Kan. 681, 193 Pac. 332, 11 A. L. R. 1091; Lofstead v. Bank Sav. L. Ins. Co.(1925), 118 Kan. 95, 234 Pac. 50; Michigan—Ruddock v. Detroit L. Ins. Co. (1920), 209 Mich. 638, 177 N. W. 242; Missouri—Reid v. American Nat. Assur. Co. (1920), 204 Mo. App. 643, 218 S. W. 957; Long v. St. Joseph L. Ins. Co. (1920; Mo. App.), 225 S. W. 106 (affirmed in 248 S. W. 923); North Dakota—Olson v. Grand Lodge, A. O. U. W. (1921), 48 N. D. 285, 184 N. W. 7, 15 A. L. R. 1270; Texas—Sovereign Camp, W. W. v. Jackson (1924; Tex. Civ. App.), 264 S. W. 289; England—Duckworth v. Scottish Widows' Fund Life Assur. Soc. (1917), 33 Times L. R. 430; Coxe v. Employers' Liability Assur. Corp., 2 K. B. 629 (1916).

to exclude hazards of war from life and accident insurance contracts. Mechanical and motorized warfare has increased the many hazards and it is understandable why insurance companies often exclude them from the risks they assume.

Couch's Cyclopedia of Insurance Law, vol. 6, p. 4542, says:

"The clause, 'death while engaged in military service in time of war,' within the meaning of an exception in a life policy, means death while doing, performing, or taking part in some military service in time of war; in other words, death while performing some duty in the miltary service, in contradistinction to death while in the service, due to causes entirely or wholly unconnected with such service."

Appleman on Insurance Law and Practice, vol. 1, p. 692, says:

"It is the overwhelming weight of authority that to relieve the insurer of liability it is necessary that it be clearly shown that the death or injury arose directly from a peculiarly military hazard and was a consequence of such military service."

The death of the insured comes under the definition of the above texts. It occurred while he was performing a duty in the military service. It arose from a peculiarly military hazard—the operation of a motorized instrument of war—an armored tank.

A recent case directly in point is Eggena v. New York Life Ins. Co., 18 N.W. (2d) 530 (Iowa). The policy provided that double indemnity "shall not be payable if the Insured's death resulted, directly or indirectly, from . . . (d) war or any act incident thereto." The insured was killed at Camp Chaffee, Ark., in a military tank accident at a time when he was performing ordinary military duties as a member of a tank crew. The tank proceeding across a bridge in a routine convoy to a bivouac area, crashed through the bridge railing and fell to the stream below causing the

insured's death. The court held the exception of the policy applied and there could be no recovery. The court said (p. 531):

"Thus the ordinary insurance company excludes cases of accidental death which occur through war as being too uncertain, and the liability probability too large . . . the words, terms and provisions of insurance contracts, and particularly clauses limiting or excluding liability on the policy, must be given a practical, reasonable and fair interpretation . . . the death of insured occurred directly and as a consequence of the operation of the tank of which he was a crew member . . . It was not a hazard of normal life but a hazard of one who was engaged in military service only . . . We can conceive of no part of a soldier's duties while an active member of a military force, except actual combat, which is more directly traceable to war than the performance of the duties in which deceased was engaged at the time of the fatal accident."

In applying the exceptions of the policies as excluding plaintiff, we have not interpreted the exceptions as status clauses. We have allowed no recovery not because the insured was *in* the military service but because the accident resulted *from* military service. The insured might have been killed while walking across a street or riding in an automobile. Conceivably death could have occurred in many accidents while the insured was in the service and for which recovery would have been allowed. But *this* accident resulted *from* military service. The plain, ordinary and sensible meaning of the exception clauses prevents recovery in this case.

Judgment n. o. v. is refused.