## BAILEY v. SOVEREIGN CAMP, W. O. W.
### (No. 4574.)

(Supreme Court of Texas.   Nov. 8, 1926.)

### 1. Fraud ☞49.

Where fraud is relied on for relief from obligations of contract it must be specifically pleaded.

### 2. Insurance ☞755(3).

Where benefit certificate lapsed, and thereafter holder tendered premium, fraud could not be imputed to him, since association had right to accept or reject.

### 3. Insurance ☞718.

Rev. St. 1925, art. 4846, providing that bylaws are binding on beneficial society, members, and beneficiaries, has no application after policy has lapsed and forfeiture has occurred.

### 4. Insurance ☞755(1).

Rev. St. 1925, art. 4846, permits placing in benefit certificate provision prohibiting waiving of conditions and requirements of policy and certificate in good standing.

### 5. Contracts ☞316(4).

Forfeiture is never recognized where party claiming it has not itself at every stage recognized in and insisted on it.

### 6. Contracts ☞316(1).

Where, after forfeiture has become absolute, party with knowledge of it takes step inconsistent therewith, there is no forfeiture.

### 7. Insurance ☞755(2).

Where holder of benefit certificate failed to pay premium, and agent of benefit association had immediate knowledge of such fact, such knowledge was imputed to association.

### 8. Insurance ☞755(3).

Benefit association with full knowledge of forfeiture of certificate could not accept premiums without health certificate without recognizing continuation of policy and waiver of forfeiture.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

On motion for rehearing.   Former opinion affirmed.

For former opinion, see 286 S. W. 456.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for plaintiff in error.

Alvin H. Lane and Gresham, Willis & Freeman, all of Dallas, for defendant in error.

COFER, Special Judge. Attorneys for defendant in error have filed an able motion for rehearing, which shows care and diligence in the treatment and discussion of the proposition involved. However, the court believes that able counsel fail to grasp the material point upon which the decision in this case rests.

[1, 2] The argument on rehearing treats at length the supposed fraud on the part of James H. Bailey. The court does not conceive that the issue of fraud is presented by the record. It is well settled that, where fraud is relied upon for relief from the obligations of a contract, it must be specifically pleaded. We have examined the trial answer in this case, and do not find the defense presented. However, we are of the opinion that the facts and circumstances of this case in nowise support any fraud on the part of Bailey. Bailey simply after his certificate had lapsed tendered the association a premium, which they had the right to accept or reject. No fraud can be imputed to such act.

Defendant in error's argument on the question of waiver does not reach the point involved in this case. The argument fails to distinguish between waiver of provisions of the certificate of insurance while in force and waiver of the forfeiture of the certificate after it has lapsed; between the right of insured, Bailey, to enforce reinstatement, and the voluntary acceptance of Bailey as a risk by the company after forfeiture of his certificate.

[3] The decision of this court has no effect or bearing upon the validity of article 4846, Revised Statutes 1925. This article has reference only to waiver of provisions of the certificate while in force and notice of provisions of the laws of the orders to members of the defendant order. It has no reference to waiver of a forfeiture where no certificate is in force, and the party sought to be held to a knowledge of the laws of the order is no longer a member of the order. The statute by its terms has no application where no certificate is in force. After providing that no officer or agent may waive any provisions of the law of the order, or at least providing that such a stipulation in the certificate of insurance shall be valid, the statute provides with reference to said laws:

"And the same shall be binding on the society and each and every member thereof and on all beneficiaries of members."

When Bailey's certificate became forfeited, and he ceased to be a member, the statute no longer had any application to his case, and he was no longer bound by the conditions of his certificate, except in so far as his right to enforce reinstatement was concerned. When the company accepted his premium unconditionally, they in effect entered into a new contract of insurance with him. Suppose the properly constituted agent of a fraternal benefit society would enter into a new contract of insurance with a person who was not and had never been a member of the order, and suppose that in this contract the regular provisions of the certifi-

cate were not inserted, and the clerk or person writing the certificate would waive and leave out some of the ordinary provisions not required by law, but usually inserted in the certificates; could it be contended that the fraternal order would not be bound, simply because their by-laws and constitution provided that the clerk or agent should have no authority to waive such provisions. The insured, not being a member of the order, would in no way be bound by the by-laws of the order unless he agreed to be, and the waiver of the clerk would bind the company. Under the statute the by-laws and constitution are binding only upon the members of the order. So, after a policy has lapsed, and a forfeiture has been worked, and the order takes any step inconsistent with the forfeiture, the article 4846 has no application.

[4] The application of the statute arises in those cases where, while the certificate is in full force, a local clerk relieves the insured from performance of certain conditions and requirements of the policy. In such a case the insured is a member of the order, his certificate is in force, he is bound by the provisions thereof, and he is charged with notice of the limitation upon the authority of the clerk. Such a case is the Jackson Case (Tex. Civ. App.) 264 S. W. 289, and other cases cited by defendant in error upholding and enforcing the statute. It is settled by those cases that the statute permits the placing in a certificate a provision prohibiting the waiving of conditions and requirements of policies and certificates in good standing. But none of these cases are in conflict with the decision by the Commission of Appeals in the case of Calhoun v. The Macabees, 241 S. W. 101, and the decision in Supreme Lodge, K. of P., v. Wellenvoss, 119 F. 671, 56 C. C. A. 287, holding that, after a forfeiture, any unequivocal act recognizing the existence of the policy, or inconsistent with the forfeiture, waives not the provisions of the policy, but waives the forfeiture itself.

It is not a case, as attorneys seem to think, of a waiver of conditions and stipulations in the policy or certificate. The policy or certificate has ceased to exist after the forfeiture. And when the forfeiture has itself been waived, then the status is the same as if there had been no forfeiture, and the conditions and requirements of the certificate concerning forfeiture have no application.

[5, 6] It has become trite for a court to say that "forfeitures are not favored in law." But the statement is particularly applicable here. And the law will never recognize one where the party claiming the forfeiture has not itself at every stage recognized it and insisted upon it. And where, after the forfeiture has become absolute,

the party with knowledge of the forfeiture takes same step inconsistent with the forfeiture, the law says there is no forfeiture. It is not a question of waiver of stipulations of the certificate, nor is it a question of estoppel. But it is a question of the law refusing to recognize and enforce a forfeiture which the insurance company itself by the acceptance of the premium—an act wholly inconsistent with the forfeiture—has failed and refused to recognize.

[7] The able attorney for defendant in error states that the officers of the Sovereign Camp did not know of Bailey's suspension until July 12, 1922. If the defendant order had had no knowledge of suspension at the time of the acceptance of the premium, there would be much merit in defendant in error's contention. But this is not the case. When Bailey failed to pay his premium by May 31, 1922, and within the 10-day period thereafter, the local clerk, the agent of the Sovereign Camp, had immediate knowledge of such fact, and such knowledge was imputed to the Sovereign Camp.

[8] After the 10-day period the defendant order, with full knowledge of the forfeiture imputed to them by law, could not accept the premium on Bailey's policy without a health certificate, without recognizing the continuation of the policy and the waiver of the forfeiture. This rule is too clearly established to require further statement.

The motion for rehearing should be overruled.