MRS. KATE C. BAILEY V. SOVEREIGN CAMP, WOODMEN OF THE WORLD.

No. 4574.    Decided June 12, November 17, 1926.
(286 S. W., 456).

1.—Fraternal    Insurance—Forfeiture    for    Non-Payment—Waiver—Case Stated.

The by-laws of a Fraternal Benefit Society, made a part of the member's contract of insurance, provided for monthly payments by insured, for suspension of his membership and making void his insurance on default in such payment on or before the last day of the month, and for reinstatement as an insured member on payment within ten days thereafter on condition that he was then in good health and so continued for thirty days. Insured, being in good standing in May, failed to pay his dues in that month, but on June 10, being then sick and attended by a physician, mailed a postal money order for the amount due to the secretary of his local lodge. The latter received it on June 12, and retained it without knowledge of insured's sickness. Dues for June were similarly sent on June 17. Insured died of such sickness on June 18. On July 24, after receiving due proofs of insured's death, the insurer returned to the beneficiary the amount of the May and June payments, claiming that the insurance was forfeited; but this the beneficiary refused and returned. *Held:* That by receiving and retaining the payments till after the death of insured the insurer had waived the forfeiture of the certificate of insurance, and the beneficiary could recover thereon. (Pp. 164-172).

### 2.—Reinstatement—Payment.

Payment by insured mailed to insurer on the tenth day after default, but not received till the twelfth day, was insufficient to entitle to reinstatement under a by-law requiring such payment to be made within ten days. The rule that an offer by mail accepted by mail becomes a contract when the acceptance is mailed, though before it is received, is inapplicable. (Pp. 165, 166).

### 3.—Same—Agency—Imputed Knowledge.

The insurer, a fraternal benefit society, was charged with the knowledge acquired by its agent, the secretary of the local lodge entitled as such to receive payments, that the insurer, by failing to pay within ten days from default, had forfeited his membership and insurance. (Pp. 167, 172).

### 4.—Fraternal Insurance—Forfeiture—Reinstatement—Waiver.

The insured having forfeited his rights, and becoming entitled by the by-laws of insured to reinstatement only on condition of payment, of being and continuing for thirty days in good health, and of furnishing an affidavit thereof, the act of insurer in receiving payment of arrears and of dues for the next month and of retaining them until after the death of insured was a waiver of such forfeiture and estopped insurer from denying insured's membership in good standing. (Pp. 167-171).

### 5.—Waiver—Authority of Agent—Statute—By-Laws.

Art. 4846, Rev. Stats., 1925, and the by-laws of insurer in pursuance thereof, denying the authority of subordinate officers to waive any provision of the laws of the society, are binding only on the society and its members or beneficiaries. They do not apply to the case of one who, having forfeited his membership and rights, asserts waiver by the insurer of such forfeiture. (Pp. 170, 171).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Dallas County.

Mrs. Bailey recovered judgment in the District Court against the Sovereign Camp, W. of W. On appeal by defendant the judgment was reversed and rendered in its favor (277 S. W., 782). Appellee, Mrs. Bailey, thereupon applied for writ of error.

The Chief Justice having certified the disqualification of all the members of the Supreme Court to sit in the case, the Governor thereupon appointed Hon. L. H. Flewellan as Chief Justice, and Hons. John D. Cofer and W. H. Ward, Associate Justices, and by them writ of error was granted and the case heard and determined.

The action was tried on agreed facts which showed:

That insured died on the 18th of June, 1922, and that he was a member in good standing of defendant's Fort Worth lodge up to midnight on May 31.

That on June 10, 1922, insured mailed a postal money order from Dallas, where he resided, to the clerk of the Fort Worth lodge for the full amount of the May dues. That this was

received by the clerk on June 12, and a receipt therefor issued to him.

That on June 17 a money order covering the June dues was mailed to the clerk at Fort Worth and duly received and receipted for on the 19th.

That during the years 1919, 1920, 1921 and 1922, up to May, insured had paid each of his monthly dues from the first to the eleventh of the succeeding month, all of which were accepted and retained by the insurer without objection. That it had been for some time a general practice of a great many of the members of the lodge to do likewise.

That a draft for the amount of the dues paid for May and June, 1922, was sent to Mrs. Bailey, the beneficiary, on July 24, and after the insurer had received proofs of the death of insured, it then claiming that the insurance was forfeited. That the beneficiary refused to accept this and returned it.

That deceased was first taken sick with the illness which caused his death on June 10, 1922, received medical attention on that date, and died from such illness on June 18.

That at the time of the receipt of the said May and June dues the clerk at Fort Worth had no knowledge of the condition of health of insured. That none of the officers of insurer had any knowledge of the time the dues for May or June were paid until receiving proofs of his death on July 12.

That the laws of the order, which were made a part of the insurance contract, after prescribing the dues to be paid monthly by insured, provided:

That if he fails to make any such payments on or before the last day of the month he shall stand suspended, and during such suspension his beneficiary certificate shall be void.

No suspended member shall be reinstated whose health is at the time impaired or becomes impaired within 30 days after any attempted reinstatement.

Should a suspended member pay all arrearages and dues to the clerk of his camp within ten days from the date of his suspension, and if in good health at the time, and continue in good health for 30 days thereafter * * * he shall be reinstated and his beneficiary certificate again becomes valid.

After the expiration of ten days and within three months from the date of suspension of a suspended member, to reinstate he must pay to the clerk of his camp all arrearages and dues and deliver to him a written statement and warranty signed by himself and witnessed that he is in good health at the time, and continue in good health for 30 days thereafter * * * as a

condition precedent to reinstatement, and waiving all rights hereto if such written statement and warranty be untrue.

Any attempted reinstatement shall not be effective for that purpose unless the member be in fact in good health at the time, and continue in good health for 30 days thereafter.

No officer, employe or agent of the Sovereign Camp, or of any camp, has the power, right or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary or waive any of the provisions of this Constitution or these laws, nor shall any custom on the part of any camp or any number of camps—with or without the knowledge of any sovereign officer—have the effect of so changing, modifying, waiving or foregoing such laws or requirements. Each and every beneficiary certificate is issued only upon the conditions stated in and subject to the Constitution and laws then in force or thereafter enacted, nor shall the knowledge or act of any officer or employe of this society cause a waiver of the provisions of these laws by the society, or an estoppel of the society.

*Beall, Worsham, Rollins, Burford & Ryburn,* for plaintiff in error.

The clerk of the local camp in Fort Worth, in the collection of assessments, was the agent of the appellant. The fact that the clerk of the local camp at Fort Worth throughout a period of two or three years had accepted payments after they became due, not only from James F. Bailey, the deceased, but from other members of the camp, and the fact that said clerk accepted the payment of the May assessment and remitted it to the appellant, and the fact that the appellant retained this payment until the 21st day of July, 1922, supports the holding of the trial judge that the appellant had waived any forfeiture and justified the deceased, James F. Bailey, in believing that the appellant would waive and did waive forfeiture. The appellant, and the clerk of its local camp at Fort Worth, having received and retained numerous payments made after the date when they were due, and having established the custom at Fort Worth of having received payments from any member after it was due, and having received the May assessment and having retained it until the 21st of July, is estopped to insist upon a forfeiture. Sovereign Camp, W. of W., v. Putnam, 206 S. W., 970; Sovereign Camp, W. of W., v. Miller, 220 S. W., 635; International Bro., R. of W. Employes v. Duncan, 194 S. W., 956; Calhoun v. Maccabees, 241 S. W., 101; Equitable L. Assur. Soc. v. Ellis, 147 S. W., 1152; Sovereign Camp, W. of W., v. Newsom, 219 S. W.,

759; Supreme Lodge K. of H. v. Davis, 26 Colo., 252; McBratney v. Sovereign Camp, W. of W., 253 S. W., 196; Godwin v. National Council, Knights and Ladies of Security, 148 S. W., 980; Dromgold v. Royal Neighbors of America, 103 N. E., 584; Edmiston v. The Homesteaders, 144 Pac., 826; Dougherty v. Supreme Court of Independent Order of Foresters, 145 N. W., 813; Andre v. Modern Woodmen of America, 76 S. W., 710; Trotter v. Grand Lodge of Iowa Legion of Honor, 109 N. W., 1099; Knights of Maccabees of the World v. Pelton, 121 Pac., 949; A. O. U. W. v. Smith, 92 Pac., 710; Mosiman v. Insurance Co., 109 Pac., 413; Morgan v. Insurance Order, 44 Southern, 791; Francis v. A. O. U. W., 130 S. W., 500; Underwood v. Ins. Co., 194 S. W., 585.

*Gresham, Willis & Freeman,* for defendant in error.

James F. Bailey, the assured, was duly suspended from membership in defendant society on June 1, 1922. Sovereign Camp, W. of W., v. Hicks, 84 S. W., 425; Cole v. Knights of Maccabees, 188 S. W., 699.

His attempted reinstatement on June 10, 1922, was not valid. Gilmore v. Grand Temple and Tabernacle, 222 S. W., 294; Honea v. American Council, 201 S. W., 127; Sovereign Camp v. Hicks, supra; Royal Benefit Soc. v. Naylor, 80 S. E., 545; Stanton v. Eccentric Association, 114 N. Y. Sup., 480, 130 App. Div., 129.

Defendant society has never waived the forfeiture of Bailey's certificate rights growing out of his death while under suspension from defendant society. Defendant society is not estopped from insisting upon this forfeiture. Constitution of 1921, Sec. 82; Rev. Civil Stat. of Texas, Art. 4847; United Moderns v. Pike, 76 S. W., 774; Sovereign Camp v. Rothschild, 40 S. W., 553; Bennett v. Sovereign Camp, 168 S. W., 1023; Sovereign Camp v. Barnes, 243 S. W., 55; Sovereign Camp v. Rodriguez, 249 S. W., 266; Sovereign Camp v. Jackson, 264 S. W., 291.

MR. CHIEF JUSTICE FLEWELLEN delivered the opinion of the court.

On July 25, 1923, plaintff in error filed suit in the District Court of Dallas County, Texas, against defendant in error on a beneficiary certificate issued by the defendant in error to her deceased husband, James F. Bailey, in favor of plaintiff in error as beneficiary. The case was tried before the court without a jury on October 9, 1923, and judgment was rendered in favor of plaintiff in error for $1,514.66, with legal interest thereon from January 25, 1923, and costs. On appeal the Court of Civil

Appeals at Texarkana reversed and rendered the case in favor of defendant in error.   Mrs. Bailey thereafter, and within the proper time, filed her application for writ of error herein, which was granted by this court on March 24, 1926, because of an apparent conflict between the decision of the Court of Civil Appeals in this case and prior decisions of the Court of Civil Appeals at Waco in the case of Sovereign Camp, Woodmen of the World, v. Hines, 273 S. W., 927; and the Court of Civil Appeals at San Antonio in the case of the Maccabees v. Johnson, 273 S. W., 612.

The essential and controlling facts agreed upon in the trial court are fully set out in the opinion by the Court of Civil Appeals, not yet reported (277 S. W., 782), and will not be repeated.

Mr. Bailey was a member in good standing in defendant in error's order up until midnight of May 31, 1922.   Failing to pay his May assessment during the said month of May, he became automatically suspended.   He could only become reinstated and entitled to the protection and benefits of his certificate by complying with the requirements contained in said certificate and the by-laws of the order.

It is well settled that fraternal benefit societies have the right and authority to enact by-laws and to make such by-laws, as was done in this case, a part of the contracts of insurance, and that the same are binding upon the insured.   Wirtz v. Sovereign Camp, W. O. W., 114 Texas, 471, 268 S. W., 438, and authorities therein cited.

Under the by-laws of the order, Mr. Bailey could have become reinstated within ten days after default by paying all arrearages and dues, and being in good health at the time of such payment and so remaining for thirty days thereafter.   Bailey paid his May assessment by posting a money order on June 10, 1922, the tenth day, but said money order was not received by the local clerk at Fort Worth until June 12, 1922, the twelfth day, two days after the expiration of the ten-day period.   The dues, therefore, were not paid within the ten-day period, because the payment was of the date when received by the agent of the defendant order, in this instance the clerk of the local camp at Fort Worth.   The rule of contracts that when an offer is made by mail and accepted by mail, the acceptance is effective and the contract binding when the acceptance is dropped in the post office or mail box, has no application here.   The rule of contracts is based upon the theory that the person making such an offer constitutes the mail service as his agent by adopting

that means, and that when the acceptance has been placed in the mail it has been placed with the agency selected by the person making the offer and is constructively in the latter's hands. This rule, if sound at all, is not to be extended beyond the law of contracts. The defendant order in this case clearly had not constituted the mails as its agency for the collection of assessments due. Therefore, such assessments are to be considered paid only upon receipt of same by the local clerk or other authorized agent designated to receive them.

Therefore, the ten-day provision of the by-laws has no application in this case; and Bailey's reinstatement and plaintiff in error's right to recover depend solely upon that provision of the by-laws permitting reinstatement after the ten-day period had expired and before the expiration of three months, which right is determined by Sec. 66, Subd. (b) of the by-laws above referred to. In this case, Bailey paid his arrears and dues after the ten-day period had expired. Upon receipt of said arrearages and dues on June 12, 1922, the defendant order did not have to accept same, and Bailey had no absolute right to make such payment after the expiration of the ten-day period without also furnishing a written statement and warranty of good health and non-use of intoxicants as provided in Sec. 66, Subd. (b) of said by-laws.

This brings us to a well settled rule in the law of insurance, which is as follows:

When, under a policy of insurance, a forfeiture has been worked and the insurer has knowledge of the existence of facts which constitute the forfeiture of the certificate or policy, any unequivocal act done after the forfeiture has become absolute, which recognizes the continued existence of the certificate or policy, or which is wholly inconsistent with a forfeiture, will constitute a waiver thereof. See Calhoun v. The Maccabees (Com. App.), 241 S. W., 101, and cases therein cited.

The discussion of this question in that case by Presiding Judge McClendon of the Commission of Appeals is thorough and wholly satisfactory. We do not repeat it, but merely make reference to said opinion and the authorities therein cited.

Under the rule announced above, in order to bring about a waiver of the forfeiture, three conditions of facts are necessary.

First. The insurer must have knowledge of the facts constituting the forfeiture of the certificate.

Second. The forfeiture must be complete and absolute.

Third. There must be some unequivocal act on the part of the insurer which recognizes the continuance of the policy, or which is wholly inconsistent with the forfeiture.

In this case it is undisputed that the insurer did have knowledge of the facts constituting the forfeiture. When Bailey failed to pay his assessment during the month of May and within ten days thereafter, the local clerk at Fort Worth knew that the dues had not been paid and that Bailey's benefit certificate had become forfeited, and that reinstatement could only become effective by the furnishing of a written statement and warranty, as provided in the by-laws, in addition to the payment of said dues. The clerk of the local camp was also the agent of the defendant order, and the order is charged with the knowledge secured by him in the scope of his agency, and knowledge and notice acquired by the local clerk in the performance of his duty are as a matter of law imputed to the principal. See Calhoun v. the Maccabees, supra, and authorities therein cited. Therefore, the defendant order was charged with the knowledge imputed to it by law that Bailey had forfeited his certificate and he had not made payment for reinstatement within the ten-day period.

The forfeiture became complete and absolute under the certificate and policy when Bailey failed to pay his dues during the month of May, 1922, and when he did not make payment within ten days; and he could only be reinstated by complying with the requirements of a written warranty, or by a waiver of the forfeiture.

This brings us to the question as to whether or not there was an unequivocal act by the insurer recognizing the existence of the policy and benefit certificate, and which was wholly inconsistent with the forfeiture. The defendant order accepted the dues and premium upon Bailey's certificate on the 12th day of June, 1922, and accepted same without requiring a written warranty, a thing they were not forced to do. Nothing could be more inconsistent with the forfeiture of an insurance policy or certificate than the acceptance and retention of the premium paid for the protection afforded by the policy, as was done in this instance. In the case of Supreme Lodge v. Wellenvoss, 119 Fed., 671, 56 C. C. A., 287, Judge Day, while a member of the United States Circuit Court of Appeals, wrote concerning forfeiture of insurance policies as follows:

"Conceding the right of a society to pass a judgment of this character, which shall work a forfeiture of the contract of insurance, as well as terminate the social and fraternal rights of the member, are there no limitations upon the exercise of this right? Forfeitures are not favored in the law, and he who would insist upon the exercise of the right must act in strict accordance with

the terms of the contract which gives the privilege. It has been repeatedly held in ordinary contracts of insurance that the receipt of a premium after the accruing of a cause of forfeiture of which the company has knowledge is a waiver of the right to insist upon it. Insurance Co. v. Raddin, 120 U. S., 196, 7 Sup. Ct., 500, 30 L. Ed., 644. We perceive no good reason why the general principles of the law governing forfeiture should not apply to the insurance contracts of benefit associations."

The time has not come in this State when an insurance company, whether fraternal or otherwise, can, with knowledge that a policyholder has forfeited his right of protection, voluntarily accept and retain the premium which the insured has paid, as was done in this instance, without also keeping in full force and effect the liability of said insurance company under said policy. Particularly is this true where the premium is retained with the knowledge of facts constituting a forfeiture and returned only after the death of the insured. One who places his bets after the dice are thrown is sure to win. It is too evident for words that had Bailey lived no forfeiture would have been claimed or sought. But Bailey died, and the premiums were returned. Insurance companies cannot so gamble on the lives of their policyholders. Having accepted the wager in accepting the premiums, the order was bound by the consequences.

The law, as we have stated it, is supported by the decisions of this court (see Calhoun v. The Maccabees, supra, and the cases therein cited), and by the Courts of Civil Appeals at San Antonio and at Waco (see The Maccabees v. Johnson, 273 S. W., 612, and Sovereign Camp W. O. W., v. Hines, 273 S. W., 927). We are inclined to follow the law as expressed in those cases.

This case clearly illustrates the rule which we have laid down. If Bailey had paid the money within ten days after he became automatically suspended, the defendant Order, by accepting it, could not have been said to have committed an unequivocal act inconsistent with the forfeiture, because it would have had no option but to accept the money. But after said ten-day period, it did not have to accept the money without the written warranty provided in the by-laws concerning good health and the non-use of intoxicants; and when it did accept the money with knowledge of the forfeiture, it waived the requirement of good health at the time of reinstatement, and this also necessarily waived the requirement that the insured remain in good health for thirty days thereafter. See Sovereign Camp, W. O. W., v. Hines, supra. Therefore, in this instance, we hold that the defendant Order clearly waived the forfeiture.

This decision is not in conflict with, nor does it seek to overrule the doctrine announced in Sovereign Camp, W. O. W., v. Jackson (Civ. App.), 264 S. W., 289, and other decisions cited in defendant in error's brief, holding that the local clerk has no authority to waive the provisions of the by-laws or conditions of the contract. The rule as laid down in those cases is well established and is sound, growing out of Art. 4846, R. S., 1925, and is firmly entrenched by a long line of decisions. Those are not cases in which the forfeiture had become absolute and the order had thereafter committed any unequivocal act inconsistent with the forfeiture. In those cases a waiver was sought, based upon the act of the local clerk before any forfeiture had occurred, seeking to excuse the insured from the performance of certain provisions of the contract of insurance. In no case was it shown that the order had, after the forfeiture, recognized the continuance of the contract by any act whatsoever.

We are of the opinion that the judgment of the Court of Civil Appeals should be reversed and that the judgment of the District Court should be affirmed, and it is so ordered.

We concur in the opinion herein rendered.

*W. H. Ward,* Special Associate Justice.
*John D. Cofer,* Special Associate Justice.

### ON MOTION FOR REHEARING.

Special Associate Justice COFER delivered the opinion of the court.

Attorneys for defendant in error have filed an able motion for rehearing, which shows care and diligence in the treatment and discussion of the proposition involved. However, the Court believes that able counsel fail to grasp the material point upon which the decision in this case rests.

The argument on rehearing treats at length the supposed fraud on the part of James H. Bailey. The Court does not conceive that the issue of fraud is presented by the record. It is well settled that where fraud is relied upon for relief from the obligations of a contract, it must be specifically pleaded. We have examined the trial answer in this case and do not find the defense presented. However, we are of the opinion that the facts and circumstances of this case in no wise support any fraud on the part of Bailey. Bailey simply after his certificate had lapsed tendered the association a premium, which they had the right to accept or reject. No fraud can be imputed to such act.

Defendant in error's argument on the question of waiver does

not reach the point involved in this case. The argument fails to distinguish between waiver of provisions of the certificate of insurance while in force and waiver of the forfeiture of the certificate after it has lapsed, between the right of insured, Bailey, to enforce reinstatement, and the voluntary acceptance of Bailey as a risk by the company after forfeiture of his certificate.

The decision of this Court has no effect or bearing upon the validity of Art. 4846, Revised Statutes, 1925. This article has reference only to waiver of provisions of the certificate while in force and notice of provisions of the laws of the order to members of the defendant order. It has no reference to waiver of a forfeiture where no certificate is in force, and the party sought to be held to a knowledge of the laws of the order is no longer a member of the order. The statute by its terms has no application where no certificate is in force. After providing that no officer or agent may waive any provisions of the law of the order, or at least providing that such a stipulation in the certificate of insurance shall be valid, the statute provides with reference to said laws:

"And the same shall be binding on the society and *each and every member thereof* and on all beneficiaries of members."

When Bailey's certificate became forfeited, and he ceased to be a member, the statute no longer had any application to his case, and he was no longer bound by the conditions of his certificate, except in so far as his right to enforce reinstatement was concerned. When the company accepted his premium unconditionally, they in effect entered into a new contract of insurance with him. Suppose the properly constituted agent of a fraternal benefit society would enter into a new contract of insurance with a person who was not and had never been a member of the order, and suppose that in this contract the regular provisions of the certificate were not inserted, and the clerk or person writing the certificate would waive and leave out some of the ordinary provisions not required by law, but usually inserted in the certificates, could it be contended that the fraternal order would not be bound, simply because their by-laws and constitution provided that the clerk or agent should have no authority to waive such provisions? The insured, not being a member of the order, would in no way be bound by the by-laws of the order unless he agreed to be, and the waiver of the clerk would bind the company. Under the statute the by-laws and constitution are binding only upon the members of the order. So, after a policy has lapsed, and a forfeiture has been worked,

and the order takes any step inconsistent with the forfeiture, the Art. 4846 has no application.

The application of the statute arises in those cases where, while the certificate is in full force, a local clerk relieves the insured from performance of certain conditions and requirements of the policy. In such a case the insured is a member of the order, his certificate is in force, he is bound by the provisions thereof, and he is charged with notice of the limitation upon the authority of the clerk. Such a case is the Jackson case, 264 S. W., 289, and other cases cited by defendant in error upholding and enforcing the statute. It is settled by those cases that the statute permits the placing in a certificate a provision prohibiting the waiving of conditions and requirements of policies and certificates in good standing. But none of these cases are in conflict with the decision by the Commission of Appeals in the case of Calhoun v. The Maccabees, 241 S. W., 101, and the decision in the Supreme Lodge v. Wellenvoss, 119 Fed., 671 (C. C. A.), holding that after a forfeiture any unequivocal act recognizing the existence of the policy, or inconsistent with the forfeiture, waives not the provisions of the policy, but waives the forfeiture itself.

It is not a case, as attorneys seem to think, of a waiver of conditions and stipulations in the policy or certificate. The policy or certificate has ceased to exist after the forfeiture. And when the forfeiture has itself been waived, then the status is the same as if there had been no forfeiture, and the conditions and requirements of the certificate concerning forfeiture have no application.

It has become trite for a court to say that "forfeitures are not favored in law." But the statement is particularly applicable here. And the law will never recognize one where the party claiming the forfeiture has not itself at every stage recognized it and insisted upon it. And where, after the forfeiture has become absolute, the party with knowledge of the forfeiture takes some step inconsistent with the forfeiture, the law says there is no forfeiture.

It is not a question of waiver of stipulation of the certificate, nor is it a question of estoppel. But it is a question of the law refusing to recognize and enforce a forfeiture which the insurance company itself by the acceptance of the premium—an act wholly inconsistent with the forfeiture—has failed and refused to recognize.

The able attorneys for defendant in error state that the officers of the sovereign camp did not know of Bailey's suspen-

sion until July 12, 1922. If the defendant order had had no knowledge of the suspension at the time of the acceptance of the premium, there would be much merit in defendant in error's contention. But this is not the case. When Bailey failed to pay his premium by May 31, 1922, and within the ten-day period thereafter, the local clerk, the agent of the sovereign camp, had immediate knowledge of such fact, and such knowledge was imputed to the sovereign camp.

After the ten-day period the defendant order, with full knowledge of the forfeiture imputed to them by law, could not accept the premium on Bailey's policy without a health certificate, without recognizing the continuation of the policy and the waiver of the forfeiture.

This rule is too clearly established to require further statement. The motion for rehearing should be overruled.