## EXCELSIOR MUT. LIFE INS. CO. v. DAVIS.
### No. 4320.

Court of Civil Appeals of Texas. Amarillo.
Dec. 10, 1934.

R. Q. Mason, of Dallas, and W. J. Durham, of Sherman, for appellant.

Henry L. Ford, of Amarillo, for appellee.

MARTIN, Justice.

On March 13, 1933, appellant issued a policy of insurance on the life of Henry White. Appellee was named therein as beneficiary. White died October 15, 1933. The premiums on said policy were payable 18 cents per week, which were collected personally by an agent of appellant. It is undisputed that these weekly payments were kept up until the first week in September, 1933. According to appellee, payments were thereafter made to, and accepted by, appellant's collecting agent at such time and in such amounts as made the policy in force on October 15, 1933, provided effect be given to the "grace period" contained in the policy.

The following is one of the stipulations of the policy: "*Grace Period.* A grace of four weeks shall be granted for the payment of every premium after the first, during which time the insurance shall continue in force. If death occurs within the days of grace, the overdue premiums shall be deducted from the amount payable hereunder, but neither this concession nor the acceptance of any overdue premium shall create an obligation on the part of the Company to receive premiums which are in arrears over four weeks."

Appellee testified to the collection by appellant of two weekly payments in October, 1933, which, if applied to delinquent payments, would make the policy effective until midnight, October 15, 1933. Appellant's agent denied this.

Appellee sued on the policy, alleging full payment of all premiums and the full performance of the insurance contract as written. The following issue only was submitted to the jury: "Do you find and be-

lieve from the preponderance of the evidence that the collection of the premiums on the dates they were collected caused the plaintiff to believe that the policy in question was in force and effect at the time of the death of the insured, Henry White? Answer yes or no."

The jury answered "Yes" to this, and judgment based thereon was entered for appellee. The issue tendered by the pleadings was one of full performance of the insurance contract. Such issue was not supported by the evidence. It uncontradictedly appears that more than four weeks elapsed from the last weekly payment on August 25, 1933, until the next one in October, 1933. An issue of fact apparently existed, of estoppel or waiver, but neither was pleaded. This was indispensably necessary. Scarbrough v. Alcorn, 74 Tex. 358, 12 S. W. 72; Rail v. City Nat. Bank, 3 Tex. Civ. App. 557, 22 S. W. 865; Upham v. Banister (Tex. Civ. App.) 44 S.W.(2d) 1014; Indemnity Ins. Co. of North America v. Kelley (Tex. Civ. App.) 44 S.W.(2d) 756; Simms v. Mitchell (Tex. Civ. App.) 44 S.W.(2d) 1056.

Though the testimony raises an issue that appellant collected premiums with full knowledge that the policy in question was subject to forfeiture, still appellant vigorously insists that it was entitled to a peremptory instruction. In reply to this, we quote the language of a Supreme Court case: "The time has not come in this state when an insurance company, whether fraternal or otherwise, can, with knowledge that a policyholder has forfeited his right of protection, voluntarily accept and retain the premium which the insured has paid, as was done in this instance, without also keeping in full force and effect the liability of said insurance company under said policy. Particularly is this true where the premium is retained with the knowledge of facts constituting a forfeiture and returned only after the death of the insured. One who places his bets after the dice are thrown is sure to win. It is too evident for words that, had Bailey lived, no forfeiture would have been claimed or sought. But Bailey died, and the premiums were returned. Insurance companies cannot so gamble on the lives of their policyholders. Having accepted the wager in accepting the premium, the order was bound by the consequences." Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S. W. 456, 458, 288 S. W. 115, 47 A. L. R. 876.

Because the judgment rendered in this case is without proper pleadings to support it, we are compelled to reverse and remand, and it is accordingly so ordered.

Reversed and remanded.