## AMERICAN NAT. INS. CO. v. VASQUEZ.

### No. 3506.

Court of Civil Appeals of Texas. El Paso.
March 25, 1937.

Rehearing Denied April 8, 1937.

Claud J. Carter, of San Antonio, for appellant.

Chas. J. Lieck, of San Antonio, for appellee.

NEALON, Chief Justice.

Appellee recovered of appellant upon a policy of life insurance issued by appellant upon the life of Francisco Vasquez, husband of appellee. The insured died May 2, 1934. Appellant, as defendant, sought to escape liability upon the plea that the insured had permitted the policy to lapse by failure to pay premiums. The face of the policy was $285. It called for weekly premium payments of 25 cents each. Insured made no premium payments between October 16, 1933, and March 1, 1934, at or about which time, at the instance of appellee, the agent of appellant was paid $7.50, which, it was estimated by him, would put the policy in good standing until April 30, 1934. The agent who made the collection was still, at the time of the trial, in the employ of appellant, collecting debits, writing new business, collecting premiums, and performing different services under the superintendent of the San Antonio office. He returned the money several weeks later and a day or two after the death of insured—the refund being made to the person from whom appellee made the loan.

The jury found (1) that defendant's agent accepted the payment of $7.50 without requiring a reinstatement application; (2) that he had authority to accept said payment; (3) that said amount was retained for more than a reasonable time; (4) that at the time of the payment insured was in good health; (5) that a reasonable attorney's fee would be $150.

The court awarded judgment for $469.20, which included the face of the policy, $34.20 as statutory penalty, and $150 attorney's fee taxed as costs.

### Opinion.

1. No reversible error was committed by the court in its rulings upon appellant's special exceptions, and it properly overruled the general demurrer.

■ 2. The evidence justified the verdict and judgment. At the time the agent of the company received the payment of $7.50 he made entries in the premium receipt book furnished by the company showing premiums paid to April 30, 1934. The policy allowed four weeks' grace as to premium payments unless the premium was earlier called for by an accredited representative of the company. There was evidence that no such call was made subsequent to April 30, 1934, and prior to in-

sured's death. There was evidence that the last premium payment was made March 1, 1934, and that the agent of insurer was in the neighborhood subsequent to said time and inquired of plaintiff if her husband "had plenty of work." Appellant did not tender the premium payment to appellee, but after insured's death returned it to Mrs. Schultz, who loaned appellee the premium money.

Under the evidence the jury found the company had waived the alleged forfeiture. Its accredited agent had collected the delinquent premiums and reported to his superior. Neither he nor his employer had required the signing of reinstatement blanks. There was a valuable consideration for the waiver. The insured, represented by his wife, had paid back premiums for a number of weeks during which, if appellant is correct, he was accorded no protection by virtue of the policy. Stuyvesant Ins. Co. v. Herndon & Co. (Tex.Civ.App.) 73 S.W.(2d) 543; Home Ben. Ass'n v. Catchings (Tex.Civ.App.) 38 S.W.(2d) 386; Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S.W. 456, 288 S.W. 115, 47 A.L.R. 876; First Texas State Ins. Co. v. Capers (Tex.Civ.App.) 183 S.W. 794.

3. By denying liability on the ground that the policy was not in force at the time of insured's death, appellant waived proof of death. Alamo Health & Accident Ins. Co. v. Cardwell (Tex.Civ. App.) 67 S.W.(2d) 337.

4. The argument of counsel as to the witness Ranzau presents no ground for reversal. It was not in dispute that the witness was still in the employ of the company, and counsel had a right to reason audibly upon the witness's possible bias in favor of his employer, even though the conclusion arrived at may have been unjust to the witness.

5. Error is assigned to court's refusal to permit a question to a witness as to reasonable attorney's fees for less than the full time of the litigation. The bill of exceptions does not show what the witness would have answered. The assignment cannot be considered.

6. The judgment for attorney's fees is excessive. It exceeds the estimate of the only witness upon the question. One hundred dollars is an adequate fee. American Nat. Ins. Co. v. Mays (Tex. Civ.App.) 97 S.W.(2d) 975, and cases cited.

The judgment will be affirmed upon condition that within 20 days appellee file a remittitur reducing the attorney's fee to $100. If same be not so filed judgment will be reversed.

Affirmed conditionally.