**BANKERS LIFE & LOAN ASS'N OF DALLAS v. ASHFORD.**

No. 10996.

Court of Civil Appeals of Texas. Galveston.

April 4, 1940.

Rehearing Denied May 2, 1940.

W. S. Barron and Stewart & Barron, all of Bryan, for appellant.

W. F. Leigh, of Houston, for appellee.

MONTEITH, Chief Justice.

Appellant, Bankers Life & Loan Association of Dallas, issued an insurance policy, dated November 1, 1935, for the face amount of $250 on the life of Jim Carter. His daughter, Lucy Ashford, appellee herein, was named as beneficiary in said policy.

After the death of insured on November 30, 1938, upon the refusal by appellant to pay the full face amount of said policy, appellee brought suit therefor in the justice court of Grimes County, where judgment was rendered in her favor. On appeal by appellant to the county court of Grimes County, in a trial before the court, judgment was again rendered in favor of appellee. In both trials appellant tendered to appellee the sum of $62.50 in full settlement of her claim. Appellant contended in the lower court and contends here that because of the death of Jim Carter within two years of an alleged forfeiture and reinstatement of said policy, the company's liability, by virtue of a provision of its by-laws, is limited to 25% of the face amount of the policy.

In reply to this plea, appellee pled that appellant, by accepting payment of past due premiums, had waived its right to declare said policy forfeited and that it was estopped to deny full liability under said policy.

Appellee retained the draft for the sum of $62.50 tendered by appellant, as part payment under said policy, and brought this action for the additional sum of $187.50 claimed by her to be due under said policy.

All of the premiums due on said policy were paid by the insured before they became delinquent up to the time of his death, with the exception of a premium which became due on August 1, 1937. This premium was received and accepted by appellant on August 18, 1937, two days after the fifteen day period of grace provided for in the policy.

It was stipulated by the parties that appellant accepted said past due premium and that it continued to accept premiums as they became due in accordance with the terms of said original policy up to the time of the death of the insured; that on receipt of said past due premium it caused an entry to be made on its books to the effect that said policy had been reinstated, but that it did not notify insured that the policy had been lapsed and had been reinstated, and that he believed that the policy was in force and effect as of the date of its original issue up to the time of his death. It was further stipulated that appellant is a state-wide mutual assessment life insurance company operating under Article 4859f, § 19, Vernon's Ann.Civ.St.; that said policy provides that any premium received after fifteen days from due date may be accepted in lieu of a health certificate as a reinstatement, upon the implied warranty that the

insured is in excellent health and free from injury at the time of its acceptance; that the insured by accepting the policy agreed to all the terms and conditions stated in the application therefor and in the constitution and by-laws, and that its constitution and by-laws provide that in the event of the death of the insured from any cause within two years from the date of a reinstatement of the policy, the maximum liability of the association should be 25% of the maximum benefit provided for therein, and that the beneficiary should be bound to accept such sum in full discharge of all liability under said policy.

The trial court found, in response to a request by appellant for findings of fact and conclusions of law, that appellant's act in accepting a past due premium two days after the period of grace had expired, without notifying the insured of its action in declaring the policy lapsed and reinstated, was an unequivocal act recognizing the continued existence of the policy according to the terms of its original issuance and that its action operated as a waiver of its right to forfeit or reinstate the policy under the terms of the contract. The court further found that appellant had the right under the terms of the contract to forfeit said policy or to reinstate it, but that it was also under duty to notify the insured of any change in the status of the policy, and that having failed to do so, it is estopped from relying on said change when it raises the issue for the first time subsequent to the death of the insured; and that appellant, by its silence, had induced the insured to believe in the existence of a state of facts upon which insured relied to his prejudice.

No objections or exceptions were made by appellant to said findings and conclusions.

Under the facts in this record appellee's right to recover the face amount of the policy in question was, by the express terms of the policy and the by-laws of the association, which were made a part thereof, forfeited by the failure of the insured to pay said past due premium, unless it can be shown that appellant by its action has waived its rights to forfeit and reinstate said policy.

It is a well settled rule in the law of insurance that: When, under a policy of insurance, a forfeiture has been worked and the insurer has knowledge of the existence of facts which constitute the forfeiture of the policy, any unequivocal act done after the forfeiture has become absolute which recognizes the continued existence of the policy or which is wholly inconsistent with a forfeiture, will constitute a waiver thereof. Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S.W. 456, 288 S.W. 115, 47 A.L.R. 876; Calhoun v. The Maccabees, Tex.Com.App., 241 S.W. 101. Under the above rule, in order to bring about a waiver of the forfeiture and reinstatement to the instant case, three conditions of fact are necessary: (1) The insurer must have had knowledge of the facts constituting the forfeiture of the policy in question; (2) the forfeiture must have been complete and absolute; and (3) there must have been some unequivocal act on the part of the insurer which recognized the continuance of the policy, or which was wholly inconsistent with the forfeiture.

In this case it is undisputed that appellant had knowledge of the facts constituting the forfeiture, since the record shows that it caused an entry to be made in its books to the effect that the policy in question had been reinstated.

The forfeiture became complete and absolute under said policy and the by-laws, which are made a part of the contract, when the insured failed to pay his premium due August 1, 1937, until two days after the fifteen days of grace provided for in the policy.

The remaining question to be determined is whether there was an unequivocal act by the insurance company subsequent to the forfeiture of the policy which recognized the continuance of the policy. The trial court found that the fact of appellant's accepting a past due premium two days after the days of grace had expired, without notifying insured of its action in declaring the policy lapsed and reinstated, constituted an unequivocal act recognizing the continued existence of said policy according to the terms of its original issuance. Further, as a circumstance tending to show a waiver of its intention to forfeit said policy, no certificate as to the health of insured at the time of the alleged reinstatement was required and appellant continued to receive the premiums on said policy as they became due until the death of insured, a period of more than fourteen months, without notifying insured that said policy had been forfeited and reinstated. Nothing could be more inconsistent with the forfeiture of an insurance policy than

the acceptance and retention of the premiums paid by the insured for the full protection afforded by the policy which, it is admitted, the insured thought would be paid to the beneficiary under the policy after his death. Our courts have uniformly held that a waiver may be created by acts, conduct or declarations, and that it may be shown by any competent evidence, express or circumstantial, which tends to prove or disprove such fact. National Mutual Accident Ins. Co. v. Hicks, Tex. Civ.App., 65 S.W.2d 805.

Further, findings of fact and conclusions of law of the trial court not only support the judgment rendered, but since they have not been attacked by appellant, they must be taken as the established facts of the case. McCray v. Kelly, Tex.Civ. App., 130 S.W.2d 458; First Texas Prudential Ins. Co. v. Ryan, Tex.Civ.App., 48 S.W.2d 750; Hudgins v. T. B. Meeks Co., Tex.Civ.App., 1 S.W.2d 681.

For the reasons above stated, the judgment of the trial court will be affirmed.

Affirmed.