## SUMMERS v. JEFFERSON STANDARD LIFE INS. CO.

### No. 10858.

Court of Civil Appeals of Texas. San Antonio.

June 26, 1940.

Rehearing Denied Aug. 7, 1940.

John L. Dodson, of Del Rio, for appellant.

Henry, Bickett & Bickett, of San Antonio, for appellee.

MURRAY, Justice.

This cause was instituted by Mrs. Bessie McDonald Summers against the Jefferson Standard Life Insurance Company to recover upon a certain policy of life insurance issued upon the life of Coy C. Summers, who died on September 17, 1939. The policy was for the principal sum of $1,500.

The premium on the policy was to be paid in monthly installments of $5.28 due on the 15th of each and every month. A grace period of one month (not less than thirty days) for the payment of premiums was provided by the policy. All premiums due and payable under the policy were made and receipts issued and delivered therefor up· to and including May 15, 1939.

The premium due on June 15th was not paid within the grace period and therefore the policy lapsed. On July 20, 1939, five days after the policy had lapsed and become forfeited, the cashier in the San Antonio office of the Jefferson Standard Life Insurance Company wrote a letter to Coy C. Summers, addressed to him at Del Rio, Texas, in which he stated:

"We are indeed sorry to inform you that your above policy has lapsed on our records for the non-payment of the monthly premium due June 15, 1939, in the amount of $5.28.

"We feel sure that this has been an oversight and that it was not your intention to permit this valuable contract to lapse.

"We are therefore enclosing a form which, if you will complete by answering the questions on the front page and return to us together with a settlement covering this premium, we will be glad to refer the matter of reinstating your policy to our Home Office for their attention."

Afterwards the Company received a check, dated August 3, 1939, in the sum of $5.28, which was tendered in payment of the monthly installment of the premium which had become due on June 15, 1939, but there was no compliance with the request to furnish an application for reinstatement. Promptly after the receipt of the check dated August 3d, the Company wrote a second letter to Mr. Summers in which it stated:

"Our Home Office has advised that inasmuch as the grace period for the June premium had expired before settlement was received, it is necessary for us to submit an Application for Reinstatement.

"We shall appreciate it very much if you will complete and sign the inclosed form on the front page, only, and return it to us at your earliest convenience."

But still there was no compliance by Mr. Summers with the Company's request for an application for reinstatement. Thereafter, on or about August 29, 1939, there was received in the San Antonio office of the Insurance Company a check dated August 25, 1939, for $5.28. And the company promptly wrote Mr. Summers as follows:

"We notice that you failed to answer the questions on the Application for Reinstatement of your above numbered policy. We are returning it, herewith, and will appreciate your answering the questions on the front page and returning it to us.

"We are holding settlement offered in payment of the June and July monthly premiums of $5.28; however before we can send this in for the approval of our Home Office it will be necessary to have settlement in connection with the August 15, 1939, monthly premium, also, as the grace period for that premium will expire in a few days."

Thereafter, two checks, one dated September 11th and the other dated September 13th, were sent to the San Antonio office of the Company, each of said checks in the sum of $5.28. The first two checks were cashed, but the last two were not, they were later tendered back to Mr. Summers, however after his death. The pro-

ceeds of the first two checks were also tendered back.

On September 14, 1939, the Company wrote the following letter to Mr. Summers:

"We have received two checks for $5.28, each offered in connection with the June and July 15, 1939 monthly premium on your policy. This policy lapsed for the non-payment of the June 15, 1939 monthly premium, and it is therefore necessary that we have the enclosed health certificate completed on the front page only, before we can consider reinstating this policy.

"If you will fill in and answer the questions on the front page of the enclosed application for reinstatement, sign it in front of a witness and return it to us, we will be glad to submit this to our home office for their consideration. If the reinstatement is approved, the premiums on your policy would be paid to August 15 and the grace period for the payment of the August premium would expire on September 15. That will be tomorrow and we suggest that you send us another check for $5.28 when you return the health certificate to us."

There was also another letter, dated August 25th, sent by the Company to Mr. Summers wherein the Company stated:

"Won't you please complete the enclosed application for reinstatement in connection with your above numbered policy and send it to us."

On September 17, 1939, Mr. Summers died as a result of typhoid fever after an illness lasting thirty-two days.

All of the above described letters were received by Mr. Summers.

It was the contention of the Insurance Company that the policy had lapsed for failure to pay the premium due on June 15, 1939, within the grace period. Mrs. Summers contended that the forfeiture had been waived by the Company's acceptance of the checks dated August 3d and August 25, 1939.

The trial began to a jury, but at the close of the evidence the trial court instructed a verdict for the Insurance Company and Mrs. Bessie McDonald Summers brings this appeal.

■ It is quite clear that the unconditional acceptance of a past due premium by an insurance company will have the effect to waive the lapsing of an insurance policy

and prevent its forfeiture. Bailey v. Sovereign Camp W. O. W., 116 Tex. 160, 286 S.W. 456, 288 S.W. 115, 47 A.L.R. 876; Calhoun v. The Maccabees, Tex.Com.App., 241 S.W. 101; Equitable Life Assurance Co. v. Ellis, 105 Tex. 526, 527, 147 S.W. 1152, 152 S.W. 625.

It is equally true that where a past due premium is retained upon the condition that the insured will furnish an application for reinstatement, together with a health certificate, it does not have the effect of waiving the lapsing of the policy and its forfeiture. New York Life Ins. Co. v. Scott, 23 Tex.Civ.App. 541, 57 S.W. 677; The Praetorians v. Krusz, Tex.Com.App., 58 S.W.2d 27; Grand United Order v. Jones, Tex.Civ.App., 62 S.W.2d 239.

■ The Jefferson Standard Life Insurance Company made it plain to Mr. Summers that his policy had lapsed for failure to pay the monthly premium due on June 15, 1939, within the grace period, and that before his policy could be reinstated it would be necessary for him to fill out and submit for approval at the Home Office an application for reinstatement. This Summers never did and therefore his policy was never reinstated.

The judgment is affirmed.