### ANDERSON v. POULOS.
### No. 11633.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 30, 1946.

Rehearing Denied Nov. 27, 1946.

Strickland, Ewers & Wilkins and Pat J. Howe, all of Mission, for appellant.

E. A. McDaniel, of McAllen, for appellee.

NORVELL, Justice.

This is a suit for the forfeiture of a lease contract brought by James Anderson, operator of the Hotel Edinburg, Edinburg, Texas, against Tom Poulos, the lessee (under Anderson) of the Hotel Edinburg Coffee Shop.

Judgment was rendered against Anderson upon the jury's answers to special issues.

Appellant, Anderson, complains of the manner in which the case was submitted to the jury. The lease between Anderson and Poulos provides that Poulos shall operate a "first class cafe" in that part of the hotel occupied by the coffee shop. Appellant contends that the issue which should have gone to the jury was whether or not the eating place operated by Poulos was a "first class cafe," and that this issue should have been accompanied by a definition of a "first class cafe."

However, the petition contains allegations relating to the condition of the cafe and the methods employed in its operation, which if true would lead to the conclusion that the eating place was not a "first class cafe" under any possible definition of that rather inexact term.

In putting the case to the jury, the trial court submitted issues raised by the evidence under the pleaded deficiencies of operation and maintenance of the cafe.

The evidence raised the issues of whether or not the cafe had been and was being operated in an unsanitary, unclean and unwholesome manner, and such issues were submitted to the jury and answered favorably to Poulos. We think that the trial court was correct in holding that these issues were the only ones in the case for the jury, and are of the opinion that as a prac-

tical matter, greater clarity of issue was realized by the trial court in the method of submission actually adopted, than would have been obtained by the form of submission suggested by appellant. We hold the trial court did not err in adopting the method employed in submitting the case to the jury.

Appellant contends that the court below should have granted his motion for non obstante veredicto.

The lease contract involved was for a two-year period beginning March 5, 1945. Rent was fixed at ten per cent of the gross receipts, payable daily, with a provision for a minimum rental of $250 per month. In addition, Poulos agreed to furnish meals to the hotel manager free of charge and to the employees of the hotel at a forty per cent discount.

Poulos agreed to deliver to Anderson a surety bond for the sum of $2500 conditioned upon his faithful performance of the covenants of the lease.

The forfeiture clause provided that the lessee's rights could be terminated by reason of his default in the performance of any of the covenants of the lease, provided "such default continue for a period of ten days after lessor notifies said lessee of such default and his intention to declare the lease forfeited, * * *."

Anderson allowed Poulos to take possession of the leased premises without having delivered to him the surety bond provided for in the contract.

On October 2, 1945, Mrs. Marie Phillips, Anderson's agent and manager of the Hotel Edinburg, acting on behalf of Anderson, notified Poulos in writing of lessor's claim that lessee had failed to comply with various covenants of the lease, including the one relating to a surety bond, and that it was the intention of Anderson to forfeit the lease unless the specific defaults mentioned in the notice were removed or cured within a ten-day period.

Poulos did not deliver a surety bond to Anderson within the ten-day period.

This suit was filed on November 8, 1945, and some eighteen days later Poulos filed his answer and tendered into court, for the benefit of Anderson, a surety bond com-

plying with the provisions of the lease contract.

The recitations contained in the judgment appealed from disclose the following findings which are supported by the evidence, viz.:

"* * * it further appearing to the Court that the Defendant furnished meals to the manager of the Hotel Edinburg, as provided for in said contract; and, it not appearing by the evidence in this cause that the Defendant at any time after October 2, 1945, refused to give employees of the Hotel Edinburg 40% discount on their meals; and, it further appearing to the Court that since October 2, 1945, and since the institution of this suit that the Defendant has regularly and daily paid the rents to the Plaintiff, provided for in the contract, and that the Plaintiff accepted same, and that such payments of rent by the Defendant and acceptance by the Plaintiff continued up to and through the trial of this cause: It is, therefore, considered by the Court that the Defendant ought to recover."

The authorities cited in appellee's brief support the trial court's conclusion that appellant was not entitled to enforce a forfeiture. The appellant by accepting rents either in the form of money (10 per cent of the daily gross receipts) or in the form of meals furnished free to appellant's agent, the hotel manager, treated the contract as a subsisting agreement and thereby waived the right of forfeiture which matured under the provisions of the contract by reason of appellee's failure to deliver a surety bond within ten days after the notice of October 2, 1945. See Gulf Colorado & Santa Fe Ry. Co. v. Settegast, 79 Tex. 256, 15 S.W. 228; Bailey v. Sov. Camp. W. O. W., 116 Tex. 160, 288 S.W. 115, 47 A.L.R. 876; Theophilakos v. Costello, Tex.Civ.App., 54 S.W.2d 203.

Appellant makes the point that appellee's failure to deliver the bond was in the nature of a continuing default and that the accepting of rents on a particular day could not be construed as a waiver of Poulos' failure to deliver a bond on a subsequent day. However that may be, under the provisions of the lease, default in the performance of a covenant in itself does not mature the right of forfeiture. In addition to default, there must be notice thereof, and failure to correct such default within ten days' time. This right of forfeiture may have and probably did accrue to Anderson, but thereafter Anderson treated the lease as subsisting, accepted benefits thereunder and thus waived his right of forfeiture.

We perceive no error in the trial court's judgment and it is accordingly affirmed.