## SECURITY BEN. ASS'N v. WOODS.
### No. 2622.

Court of Civil Appeals of Texas. El Paso.
Jan. 7, 1932.

Rehearing Denied Jan. 28, 1932.

A. W. Fulton, of Topeka, Kan., and Ward & Ward, of Houston, for appellant.

King, Wood & Morrow and H. E. Cox, all of Houston, for appellee.

HIGGINS, J.

This is a suit by Mrs. Lena Woods, surviving wife of John W. Woods, deceased, against the appellant, a fraternal benefit society, to recover upon a certificate of insurance, dated March 31, 1919, issued to the deceased, in which his wife was named as beneficiary. Upon special issue findings, judgment was rendered in favor of the plaintiff.

What is known as the National Council is the supreme governing body of the defendant, and, when such council is not in session, the National Executive Committee functions as such.

The subordinate lodges are called councils. Woods was a member of the Houston Council.

The applications for insurance, the certificates issued, the constitution and by-laws of the appellant, are expressly made the contract. The contract required of Woods that he (quoting from appellant's brief) " * * * should pay a monthly assessment to the association and dues to the subordinate council, and that such assessments and dues should become due and payable on the first day of each month, the member having the entire month in which to make payment, but that if the payment for any month was not paid on or before the last day of the month for which due, then the member became automatically suspended by the fact of such non-payment and without notice; that no act on the part of the Council or any officer thereof or of the National Council was required as essential to such suspension. Thereupon all rights under said certificate became forfeited, and no right under such certificate could be restored until it had been duly reinstated by the member complying with the laws of the association with reference to reinstatement.

"The laws further provided that a member should only be reinstated in accordance with the constitution and laws of the association. In order to be entitled to benefits the member was required to be a member of the association in good standing at the time of his death. When a member has been in suspension by reason of nonpayment of an assessment or assessments or dues for more than sixty days and less than six months, he may be reinstated to beneficiary membership upon providing such proof of sound bodily and mental health as may be required by the National Executive Committee, and approved by the National Medical Director or the National Executive Committee; the form of proof required being to the effect that at the time of application for reinstatement, applicant warrants he is in sound physical and mental health and a fit subject for life insurance. Reinstatement shall take place only after the approval of such application for reinstatement. The laws further provide that the association shall not be bound by the acceptance of assessments and dues from suspended members who are not entitled to reinstatement, and that the receiving of such assessments and receipting therefor by any officer of a subordinate Council, the National Secretary or by any other person, or the payment by or on behalf of any suspended member of arrears of assessments and dues, with a view to reinstatement, except as provided for in the laws of the association, shall not be binding on the association, and that the retention by the financier, or by the association, of assessments and dues paid by members or for them with a view to reinstatement other than as

provided in the laws of the association shall not constitute a waiver of any provision of the laws. The laws further provide that no officer of any subordinate council is authorized to waive any provision of the laws of the association which relate to the contract between the member and the association, nor shall any knowledge or information obtained by any subordinate council or officer or member thereof be held or construed to be knowledge or notice to the association or the officers thereof until after said information or notice is given in writing to the National Secretary of the Association, and that no custom or course of conduct in violation of the constitution and laws of the association by any financier or other officer or member of the subordinate council shall be held to constitute waiver or estoppel as to the association unless and until actual notice of the same shall be received by the National President or National Secretary.

"The uncontroverted evidence shows that John W. Woods failed to pay the dues and assessments due and payable by him for the month of August, 1928, on or before the last day of said month, and that he thereby became suspended at midnight on the said last day of August, 1928, and thereafter remained in suspension. He did not pay the dues for September, October and November during either of said months, and about the 10th day of December, 1928, he made payment to the financier of the local council of the assessments which he would have owed had he remained in good standing for the months of August, September, October, November and December.

"It is an admitted fact that on the 1st day of August, 1928, and thereafter during the entire life of the said John W. Woods he was not in sound bodily health at any time up to the date of his death. The said John W. Woods died on the 28th day of April, 1929.

"The defendant's contention is that the said John W. Woods became automatically suspended upon the nonpayment of his assessment and dues for and during the month of August, 1928, and that under the laws of the association he could not and did not, because of his condition of ill health, thereafter reinstate as a member. Because of his suspension, his inability and failure to reinstate, he was not ever, or at any time after his suspension a member of the defendant society. He could only reinstate as provided by the laws of the society, and this he did not do and could not do because of his failure and inability to comply with the laws of the society. Because of his suspension, the beneficiary named in his certificate was not entitled to recover."

After the payment on December 10th of the amount then delinquent, Woods paid promptly all subsequent dues and assessments up to the time of his death on April 28, 1929.

Appellant in its answer denied (quoting from appellee's brief) "that J. W. Woods was in good standing with said company at the time of his death, specifically alleging that the said J. W. Woods failed to pay the assessments and dues, due and owing by him on the policy of insurance aforesaid, for the month of August, 1928, on or before the last day of said month, and alleging that by reason of such failure, he became ipso facto suspended at midnight on the last day of August, 1928, and that thereafter and on the 10th day of December, 1928, the said J. W. Woods, still being in suspension, made written application on a blank provided by the appellant association for reinstatement, at the same time making payment of the assessments due for the months of August, September, October, November, and December, 1928; that said written application contained a warranty that the said J. W. Woods was in sound physical and mental condition and a fit subject for life insurance. That the said J. W. Woods was not in fact in good health or sound bodily health, or a fit subject for life insurance at the time of such application and was not thereafter in good health or sound bodily health at any time before his death and that the appellant was not informed of the lack of good health of the said J. W. Woods until after his death. That under the laws of the association, which were specifically plead, and because of the facts alleged, the said J. W. Woods was never reinstated as a member in said order."

To this appellee replied, "among other things, that the said J. W. Woods did fail to pay the assessment and dues payable for the month of August, 1928, on or before the last day of said month, but that such dues, as well as the dues owing by him to the appellant for the months of July, September, October, November and December, 1928, and the dues for the month of January, 1929, were paid by the said J. W. Woods to the appellant on the 5th day of January, 1929, and were accepted and retained by the appellant at said time and that the appellant made no mention of any forfeiture by the said J. W. Woods of his rights under the policy of insurance involved, either at that time or at any other time prior to his death. That thereafter, and on February 27, 1929, the said J. W. Woods paid to the appellant the dues owing by him for the months of February and March of the year 1929, and on April 26th, 1929, paid to the appellant his dues for the months of April and May, 1929, all of such payments being accepted and retained by the appellant, and the appellant making no claim that the said J. W. Woods had forfeited any of his rights as a member in said order. That at the time of the acceptance of the payments the appellant knew and was fully aware of the fact that the said J. W. Woods had not paid the dues for the month of August, 1928, until after the last day of said month, but failed to insist upon

any forfeiture because thereof, and made no complaint with reference thereto. That by the acceptance and retention of said dues so paid by J. W. Woods, after the last day of August, 1928, the appellant waived any forfeiture on the part of J. W. Woods. The appellee further denied that the said J. W. Woods had ever made written application, or any other kind of application to the appellant for reinstatement after his failure to pay the dues for August, 1928, before the last day of said month, and alleged that if the appellant was in possession of any written application for reinstatement containing any statement as to the physical condition of J. W. Woods, that the same was not made by Woods and if the same purported to bear his signature, it was a rank forgery; that if the by-laws of the appellant required the execution and delivery by J. W. Woods of a written application for reinstatement, then that such requirement was waived by the appellant by reason of its failure to request such, and by reason of its acceptance of the payment of the dues mentioned without such.

"Upon the trial of the case it was established conclusively that Woods had been carrying the policy of insurance involved since the year 1919. That he had paid all dues and assessments thereon up until the month of August, 1928. That he did not pay the dues for the month of August, 1928, until after the last day of said month. That, however, the dues for the month of August, as well as the dues for the months of July, September, October, November and December, 1928, and the dues for the month of January, 1929, were paid by him to the appellant on January 5, 1929, and were accepted and retained by the appellant at said time. That thereafter, on February 27, 1928, Woods paid to the appellant the dues owing by him for the months of February and March of the year 1929, and on April 26, 1929, paid to the appellant his dues for the months of April and May, 1929. That all of such payments were accepted and retained by the appellant. That Woods died on the 28th of April, 1929. That after his death the appellant tendered to his beneficiaries the dues paid after the default in the payment of the dues for the month of August, 1928, which tender was not accepted by the appellee. That the appellant had not paid to the beneficiaries in said policy the amount of benefits provided therein.

"The appellant introduced in evidence an instrument purporting to be an application for reinstatement on the part of J. W. Woods and purporting to have been signed by J. W. Woods on December 10, 1928, and in which was contained a warranty that the said Woods was at said time in sound physical and mental condition and a fit subject for life insurance; and in connection therewith introduced in evidence that portion of its by-laws, which provided for automatic suspension of a member because of failure to pay his dues, and that portion providing that where a member had been suspended for more than sixty days and less than six months (as was the case of Woods) he might be reinstated upon making an application for reinstatement, containing a health warranty."

The case was submitted upon special issues which read:

"1. Did the deceased, J. W. Woods, execute the application for reinstatement of beneficiary certificate, introduced in evidence in this case?

"2. If you have answered the foregoing issue 'No,' and only in that event, then you will answer the following issue:

"Did the defendant association, or its representatives ever request the deceased, J. W. Woods, or anyone representing him, to furnish it with an application for reinstatement of beneficiary certificate before accepting the payment of the assessments upon his policy which became past due on the 1st. day of August 1928?

"3. If you have answered the foregoing issue 'No' and only in that event, then you will answer the following Special Issue:

"Did the defendant association, by reason of its failure to so request of the deceased, J. W. Woods, the furnishing of an application for reinstatement of beneficiary certificate waive the requirement of its constitution and laws that the said J. W. Woods should furnish to it an application for reinstatement including a statement that he was in good health?

"3A. Did the defendant association by reason of its acceptance of the assessments paid by J. W. Woods, for the months of August, September, October, November, December, 1928, and January, 1929, after his default in the payment of the assessment for August, 1928, and without requesting him to furnish it with an application for reinstatement of beneficiary certificate containing a health warranty, if you have found such was not requested, waive the forfeiture by J. W. Woods, of his rights under the policy or certificate of insurance involved in this case?

"4. Was Mrs. Arnsperger the agent of the Security Benefit Association during the months of August, September, October, November and December of 1928, and the month of January, 1929?

"5. Did the defendant association by the act of its National Secretary in sending to her the blank form of reinstatement certificate, appoint Mrs. Arnsperger, as its agent for the procurement of the signing of said application by John W. Woods and its return to the Association?"

The first two issues were answered "No"; the other issues were answered "Yes."

Mrs. Arnsperger, mentioned in issues 4 and 5, was the local financier of appellant in Houston, and it was her duty, among other things, to collect moneys for appellant and remit same to appellant each month. The report to the National Secretary for August, 1928, shows that Woods was delinquent. As a witness for defendant she further testified: "This other instrument which has been exhibited to me is a monthly report of our council for the month of December, 1928. I made out this report and sent it to Mr. J. V. Abrahams, National Secretary of the Security Benefit Association. Both of these reports are correct. This last report for the month of December, 1928, shows the reinstatement of Mr. J. W. Woods, by reason of his sending in his past due dues. During December Mr. Woods paid several months' dues at the same time; this report shows that he paid dues for five months. I sent that remittance in with the report I made at that time. After I sent in that report I received a letter from Mr. Abrahams, our National Secretary."

█ It is shown by appellant's own evidence that it accepted the payment for delinquencies made in December, 1928, and retained the same without then requiring an application by Woods for reinstatement. Upon this state of facts appellant is conclusively presumed to have waived the previous forfeiture of the certificate of insurance and the requirement of an application with the prescribed warranties as a condition of reinstatement. Bailey v. Sovereign Camp W. O. W., 116 Tex. 161, 286 S. W. 456, 288 S. W. 115, 47 A. L. R. 876; Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101; Sovereign Camp W. O. W. v. Hines (Tex. Civ. App.) 273 S. W. 927.

██ The evidence shows conclusively and the jury found that Woods did not execute the application for reinstatement pleaded and offered in evidence by appellant. The forged instrument will not aid appellant unless Woods is shown to have been a party thereto, or, if he was not directly privy thereto, that it was done by some one for his benefit. Neither the pleading nor the evidence tenders such an issue.

The record shows that on January 28, 1929, the National Secretary wrote Mrs. Arnsperger as follows:

"Your report of December collections shows some members reinstated who have been in suspension over the sixty day limit, and since no date of reinstatement is given, it will be necessary for them to sign health statements or the report of reinstatement cannot be accepted.

"Fred Stein, B. C. No. 467515, and B. C. No. 635883, because suspended for September, reinstatement reported for December. Ross M. Dougherty, B. C. No. 777838, because suspended for July. The reinstatement is shown in December. John W. Woods, B. C. 532312, was suspended for August and the reinstatement shown in December.

"I am inclosing blanks for these members to sign. These should be signed without delay and returned to the Home Office, because they cannot be credited with the money sent until the health statement blanks are received."

Mrs. Arnsperger testified:

"This instrument which has been exhibited to me is a copy of that letter. I received an application for reinstatement, along with this letter—that is a blank application for reinstatement, and I mailed that application for reinstatement, with the health warranty, to Judge Woods, and I later received that application back through the mail, and I in turn mailed it to Mr. Abrahams. This instrument which is now exhibited to me is the application blank which I sent to Judge Woods, and which was returned to me through the mail. My name is on that instrument as a witness, but I did not see Judge Woods sign it."

The testimony shows that Woods was not in his office from January 2d to about February 15th or 20th. His secretary in charge of his mail during his absence testified that it was not received at his office.

In the state of the pleading and evidence, the forged application affords no protection to appellant.

To issues 3, 3A, 4, and 5, objection was made that they submitted issues of law; to issues 3 and 3A, it was further objected that there was no evidence of any intention to waive.

█ In the state of the evidence, the issues of waiver submitted in issues 3 and 3A were established, as a matter of law, in the affirmative. See authorities cited above. The same is true of the issues of agency submitted in issues 4 and 5. In the state of the evidence, it was unnecessary to submit any of those issues, but the submission has not harmed appellant, and it cannot complain.

On the other hand, if the issues of waiver and agency, in the state of the evidence, were issues of fact, then the objection urged is without merit.

Affirmed.